## Tod H. and Susan R. Schweizer v. Town of Pomfret

[365 A.2d 134]

No. 206-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed September 17, 1976

*Thomas P. Wright*, Woodstock, for Plaintiffs.

*Garfield H. Miller* of *Black and Plante*, White River Junction, for Defendant.

Billings, J. For the year 1974, the listers of the Town of Pomfret appraised plaintiffs' premises at a fair market value of $35,300.00. On appeal to the Board of Civil Authority, pursuant to 32 V.S.A. § 4404, the listers' appraisal was affirmed. Plaintiffs appealed to the Commissioner of Taxes pursuant to 32 V.S.A. § 3461. The State Board of Tax Appeals conducted a de novo hearing and, after a subsequent reconsideration hearing, issued findings affirming the appraisal of the Board of Civil Authority and listers. Plaintiffs appeal to this Court from that decision.

Plaintiffs allege as error that in reaching a fair market value determination, the State Board of Tax Appeals failed to specifically set forth findings that the property subject to appeal corresponded with the listed value of comparable properties.

The plaintiffs' property is located off a private roadway approximately 3,000 to 3,500 feet in length. The house was

built in 1973–74 and contains 2,600 square feet of living area. Plaintiffs introduced evidence of comparable properties, one of which was located on the same hilltop and was built a year earlier by the same builder, containing an additional 1,000 square feet of living area, together with garage and outbuildings. Although there was less land associated with the premises, all these comparable properties were appraised at a lesser value than plaintiffs'. The listers of the Town of Pomfret presented evidence of comparables on the basis of a square foot valuation exclusively.

The finding made by the Board of Tax Appeals in determining the appraisal value reads:

> Based upon personal inspection of the property under appeal and based upon the evidence introduced at the hearing and based upon the checking of comparable properties, the board finds and so rules that the appraisal value of $35,300.00 set by the board of listers and upheld by the board of civil authority is just, fair and equitable and therefore the said appraisal value will remain the same.

32 V.S.A. § 4467 mandates the use of comparable property values in the determination of an appeal from the Board of Civil Authority when one of the principal issues, as here, is that the listed value of comparable properties did not correspond to the listed value of plaintiffs' property. *In re Appeal of Hughes and Wright*, 132 Vt. 334, 337, 318 A.2d 676 (1974); *Bookstaver v. Town of Westminster*, 131 Vt. 133, 141, 300 A.2d 891 (1973). The State Board of Tax Appeals affirmed and adopted the identical appraisal of plaintiffs' premises as determined by the two town boards without having made any findings of fact regarding the comparable properties. The Board has an affirmative duty to make specific findings concerning consideration of the fair market value of comparable properties. It is clearly insufficient and constitutes reversible error to merely state, as it did, that it "checked" the comparable properties. *Bookstaver v. Town of Westminster, supra*, at 140. In arriving at fair market appraisal, due consideration must be given to the dictates of the Vermont Constitution and the statute, ch. 1, art. 9, Vermont Constitution; 32 V.S.A. § 4601; *International Paper Co. v. Town of Win-*

*hall*, 133 Vt. 385, 340 A.2d 42 (1975). In a de novo hearing, the taxing authority has the burden of producing evidence of fair market value. Thereafter, a presumption is raised that the appraisal is correct in law. To overcome the presumption, the movant-appellant has the burden of going forward with countervailing evidence such as lack of uniformity or excessiveness. In the case at bar, the State Board of Tax Appeals failed to make sufficient findings based upon the evidence as to the fair market value.

*Reversed and remanded.*