## Robert A. Bloomer v. Town of Danby

[370 A.2d 194]

No. 32-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*Robert A. Bloomer, pro se,* Rutland, for Plaintiff.

*H. Vaughan Griffin, Jr.* of *Corsones, Hansen & Griffin,* Rutland, for Defendant.

**Per Curiam.** In 1973, as the result of a reappraisal of all properties in the defendant Town of Danby, the appraisal of the appellant's twenty acres of unimproved land was increased from $4,000 to $17,000. The taxpayer appealed this increase to the local Board of Civil Authority which, upon learning that the listers had erroneously listed the property as having forty instead of twenty acres, reduced the appraisal to $11,000. Pursuant to 32 V.S.A. § 4467, appeal was taken to the Rutland Superior Court. Following two separate hearings before that

Court, it was ordered that the property be set in the list of the Town at $10,200. From that order, the taxpayer appeals.

The method used to increase the appellant's property assessment was by resort to a sliding scale of value based upon the property's acreage. It is undisputed that the sliding scale, while it contained adjustments for swamp, ledge or steep property, failed to take into account other important factors bearing upon fair market value such as the location of the land and its use, access, road frontage, and view. From our review of the record, it is apparent that the listers of the Town, the local Board of Civil Authority, and the Superior Court relied upon this sliding scale to assess the appellant's property.

The issue before us is a simple one: Did the Superior Court make an assessment of the appellant's property based upon its fair market value? Upon a review of the use of the sliding scale method to justify the increase of the appellant's property assessment, we hold that it did not.

The sliding scale formula places a value upon land in accordance with an acreage grouping; as the acreage increases, the per acre value decreases. For example, a taxpayer owning property within the 11-18 acre bracket would be assessed at $680 per acre. Property within the 19-25 acre bracket is assessed at $595 per acre. The arbitrariness and inequity of this formula is demonstrated by comparing the assessments of a taxpayer owning 18 acres and one owning 19 acres. The sliding scale method would assess the former's property at a value of $12,240. The latter, the owner of an additional acre of property, would be assessed at $11,305.

This method of appraisal cannot be said to achieve the result contemplated by 32 V.S.A. § 3481. It is an attempt to determine fair market value without adjustment for location, type of land, accessibility, or sale of comparable property, to name a few of the considerations which would enter into negotiations between a willing buyer and willing seller. The sole factor upon which the listers attempted to determine fair market value was acreage. This Court has repeatedly warned that fair market value should not be established by resort to only one criterion. *Town of Barnet* v. *New England Power Co.*, 130 Vt. 407, 412, 296 A.2d 228 (1972); see also *Town of Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 581, 313 A.2d 392 (1973); *In re Heath*, 128 Vt. 519, 524, 266 A.2d 812 (1970). Consideration should be given to the property's use and all other elements which combine to give a

property a market value. *Town of Barnet* v. *New England Power Co., supra,* 130 Vt. at 411. An inflexible formula which fails to take into account these various factors cannot be employed as the sole basis for an appraisal based upon fair market value. *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 143-44, 300 A.2d 891 (1973); *In re Heath, supra,* 128 Vt. at 523-24. Since the sliding scale formula was the sole evidence presented concerning the property's fair market value, the lower court's order cannot stand. Inasmuch as the order fails to properly reflect fair market value, it cannot serve to justify the increase in the appellant's property assessment.

Once it was established that the sliding scale was an improper method of attempting to determine fair market value, the presumption as to the validity of the listers' appraisal disappeared, and it became the burden of the town to come forward with evidence demonstrating that its appraisal was in accordance with constitutional and statutory provisions. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 367 A.2d 1363 (1976); *Schweizer* v. *Town of Pomfret,* 134 Vt. 436, 365 A.2d 134, 135 (1976); *Fayetteco, Inc.* v. *City of South Burlington,* 131 Vt. 625, 628, 313 A.2d 3 (1973). When the Town failed to come forward with such evidence and the parties rested, the appellant was entitled to a decision in his favor reinstating his grand list figure at the assessment for the previous year.

Under the state of the evidence before the lower court as it existed at the conclusion of the initial hearing, the court was undoubtedly justified in its concern that it could not accomplish the purposes of a hearing under 32 V.S.A. § 4467. However, by convening a second hearing on its own motion over the objections of the parties, the court gave the Town a benefit to which it was not entitled, namely, an increase in the taxpayer's appraisal without supporting evidence of fair market value. We would also point out that the court's decision as to value following this second hearing was not based upon sales of comparable property, a method often used to arrive at fair market value, but upon the listed value of other properties which were also based upon the sliding scale of value we previously discussed. This could not serve to remedy the deficiency presented by the exclusive use of the sliding scale as a means of determining fair market value.

There being no basis to justify the increase in the appellant's property assessment for the year 1973, the lower court is instructed upon remand to set the property in the grand list at

the valuation which was in effect prior to the increase in the appellant's assessment. 32 V.S.A. § 4468.

*Judgment vacated and cause remanded with instruction.*