## Town of Walden v. Charles and Deborah Bucknam

[376 A.2d 761]

No. 236-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*Edwards C. O'Boyle, Jr.,* St. Johnsbury, for Plaintiff.

*McKee, Giuliani & Cleveland,* Montpelier, for Defendants.

**Per Curiam.** The petitioners Charles and Deborah Bucknam own approximately 90 acres of land, improved by an unfinished three-bedroom house and a detached two-car garage, located in the Town of Walden. The present controversy between the petitioners and the town arose in 1975 when the listers appraised the petitioners' property at $28,504 and set the property in the grand list at 50% of fair market value, $14,252. This action of the listers was sustained by the local board of civil authority, thereby prompting an appeal by the petitioners to the Commissioner of Taxes. 32 V.S.A. § 4461. The Board of Tax Appeals appointed by the commissioner, in its report of findings to the commissioner, reduced the appraisal of the petitioners' property to $20,004. From this determination, the town has appealed to this Court.

The boards' findings and conclusions may be summarized as follows. It found that the petitioners' property was subject to unfair treatment in comparison to similar property in the town because of variations of the rate of depreciation employed by the listers when appraising property. The board found that the listers applied a much greater rate of depreciation to older homes, many of which were listed at substantially less than 50% of fair market value. Because of these apparent inequities, the board reduced the appraisal of the petitioners' property by $8,500, thus lowering the total appraisal to $20,004.

The board is charged by statute with the duty of reducing or increasing the listed value of property if the property subject to appeal "does not correspond to the listed value of comparable properties within the town." 32 V.S.A. § 4467. Findings rendered in such proceedings should be a clear statement to the parties, and should be an indication to this Court of what was decided and how the decision was reached. *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 367 A.2d 1363, 1366-67 (1976). The board has an "affirmative duty to make specific findings" regarding comparable properties and their corresponding listed value. *Schweizer* v. *Town of Pomfret*, 134 Vt. 436, 365 A.2d 134, 135 (1976). See also *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 142, 300 A.2d 891 (1973). Upon a review of the board's written report of findings to the commissioner, we can discern no finding that the properties mentioned in the report were comparable to the petitioners' property. While the findings state that the board compared the petitioners' property to other "similar" properties in the town, there is no finding which would disclose those factors

which the board considered in reaching its conclusion as to the similar or comparable nature of the properties. See *Morrisville Water & Light Dept.* v. *Town of Hyde Park*, 134 Vt. 325, 330, 360 A.2d 882 (1976). To merely state that inequities exist in many appraisals is not a proper or sufficient method for the board to discharge its duties under 32 V.S.A. § 4467. We therefore hold that, since the conclusion rendered is not supported by the board's findings of fact, the commissioner's determination must be reversed and the cause remanded for further proceedings.

■ ■ Furthermore, we note that the board failed to make findings as to the fair market value of the petitioners' property. Fair market value is that price "which the property will bring in the market when offered for sale and purchased by another." *In re Heath*, 128 Vt. 519, 524, 266 A.2d 812 (1970). Numerous factors enter into the determination of the fair market value of property. See *Bloomer* v. *Town of Danby*, 135 Vt. 56, 370 A.2d 194 (1976). The Board of Tax Appeals, in proceedings held pursuant to 32 V.S.A. § 4467, is under a duty to render findings on the fair market value of the subject property. It is only after such findings that adjustments can be made to insure that the listed value of the property corresponds to that of comparable properties in the town.

Since the cause is being remanded, we take this occasion to stress that the allocation of burdens of proof set forth in *Schweizer* v. *Town of Pomfret, supra,* and *New England Power Co.* v. *Town of Barnet, supra,* 367 A.2d at 1369 are equally applicable in proceedings before the State Tax Appeals Board.

*Reversed and remanded to the Commissioner of Taxes for recommittal to the State Tax Appeal Board for hearings on all issues.*