# Edward Ames v. Town of Danby

[385 A.2d 1075]

No. 251-75

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

*Bloomer & Bloomer,* Rutland, for Plaintiff.

*Griffin & Griffin,* Rutland, for Defendant.

**Billings, J.** This is an appeal by taxpayer Ames from a judgment rendered by the Rutland Superior Court ordering the Town of Danby to set the taxpayer's real property located in Danby in the list at $16,500.00 as of April 1, 1973, in lieu of the former listed valuation of $17,480.00. In 1973, the Town of Danby conducted a reappraisal of properties within it. The sole method used by the Town in the reappraisal was a sliding scale based on acreage with reductions for ledge, swamp, or steep property. Under the sliding scale, as the number of acres in the property increased, the per acre value given to the property decreased. As a result of the reappraisal, the taxpayer's 72 acres of unimproved land within the Town received an increase in valuation from $4,320.00 to $27,583.00. Following the grievance meeting required by statute, the Listers reappraised the taxpayer's property by combining it with his adjoining properties in the Towns of Pawlet and Wells. The increase in acreage thus resulting placed the taxpayer's property in a higher per acre category on the scale, and his property was therefore appraised at a lower value, $19,890.00 or $276.25 per acre. Upon appeal to the Board of Civil Authority, the appraisal was lowered to $17,480.00, because a portion of the land was ledge.

Pursuant to 32 V.S.A. § 4467, the taxpayer appealed de novo to the superior court. At trial, the Town submitted the appraisal done by the Board of Civil Authority. In addition to that appraisal, the Town also offered the expert testimony of a real estate appraiser. The expert appraised the fair market value of the taxpayer's property in Danby, as of April 1, 1973, to be $18,000.00 or $250.00 an acre. In making his appraisal, he considered a number of factors, including the size, type, location and quality of the property. He also

viewed the property in comparison with six other properties within Danby that he considered comparable to the taxpayer's property. Each of the comparables used by the expert had been sold within a few years prior to April 1, 1973, and the price was put into evidence. The comparables had been listed in accordance with the sliding scale. Only one landowner of the six appealed the listing as far as the Board of Civil Authority. The trial court concluded that the sliding scale method of appraisal used by the Town of Danby did not comply with the requirements of the applicable statutes. Based on the evidence submitted by the Town relating to the listed value of comparable properties within the Town, the taxpayer having submitted no evidence on this issue, the court concluded that the value of the taxpayer's property "as of April 1, 1973, corresponding to the listed value of comparable properties within the Town, was $16,500.00, or about $230.00 an acre."

One of the difficulties in this cause is that not only in the presentation of the evidence by the parties, but also in the findings and order of the trial court, there exists a confusion concerning the concepts of appraisal, or fair market, value and listed value. The parties and the court used these terms interchangeably, though their meanings are quite distinct. The appraisal value of property is required by statute to be its fair market value, 32 V.S.A. §§ 3431, 3481, which is that price the property will bring in the market when offered for sale and purchased by another. *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 136–37, 300 A.2d 891, 893 (1973). The listed value of property, during the time here material, was fifty per cent of its fair market value, 32 V.S.A. § 3481 (since amended to define listed value as one hundred per cent of fair market value), reduced or increased, if necessary, to correspond to listed values of comparable properties. *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 505, 367 A.2d 1363, 1367–68 (1976); 32 V.S.A. § 4467. Of course, it is clear from the statutory scheme relating to appraisal that the listed value may not be increased above the fair market value of the subject property. See 32 V.S.A. §§ 3431, 3481, 4467.

In a de novo appeal to the superior court, 32 V.S.A. § 4467 mandates that the court make a finding of the fair

market value of the subject property. See *Town of Walden v. Bucknam*, 135 Vt. 326, 328, 376 A.2d 761, 763 (1977). Also, § 4467 mandates that if the "court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the . . . court shall set said property in the list at a corresponding value." Because of the trial court's confusion of fair market value and listed value, it made a finding of listed value only, thereby failing to comply with the requirements of § 4467. This is prejudicial error and alone requires a reversal. *Bookstaver* v. *Town of Westminster, supra*, 131 Vt. at 141, 300 A.2d at 896.

■ The sliding scale method of appraisal used by the Town of Danby does not comply with the requirements of the applicable statutes; we previously so stated in *Bloomer* v. *Town of Danby*, 135 Vt. 56, 57–58, 370 A.2d 194, 195–96 (1977). Appraisals of real estate are required by statute to be made at fair market value, 32 V.S.A. §§ 3431, 3481, "taking into consideration all the elements of the availability of the property, its use both potential and prospective, any functional deficiencies, and all other elements such as age and condition which combine to give property a market value." *Bookstaver* v. *Town of Westminster, supra*, 131 Vt. at 137, 300 A.2d at 893. There is no one controlling factor. *Id.* The sliding scale method used by Danby did not take into account these various factors. It could not serve to justify the increase in the taxpayer's property assessment. *Bloomer* v. *Town of Danby, supra*, 135 Vt. at 58, 370 A.2d at 195–96.

From this, the taxpayer argues that the trial court should be instructed to set his property in the grand list at $4,320.00, the valuation in effect for 1972, citing *Bloomer* v. *Town of Danby, supra*. We disagree.

■ A presumption of validity and legality attaches to the actions of the listers. *New England Power Co.* v. *Town of Barnet, supra*, 134 Vt. at 507, 367 A.2d at 1369. When, in litigation under § 4467, the town introduces the appraisal of the taxpayer's property into evidence, the burden of going forward with the evidence to overcome the presumption resides with the moving party. *Id.* "When such evidence is

presented, the presumption in favor of the listers 'disappears and goes for naught.' " *Id.* It then becomes incumbent upon the town to produce evidence of fair market value, *Schweizer* v. *Town of Pomfret,* 134 Vt. 436, 438, 365 A.2d 134, 135 (1976), as well as evidence relative to the listed values of comparable properties within the town. *New England Power Co.* v. *Town of Barnet, supra,* 134 Vt. at 507, 367 A.2d at 1369.

As discussed above, the taxpayer here has clearly demonstrated that the method used by the Listers of the Town of Danby to appraise his property is not valid. If, as in the *Bloomer* case, the Town had introduced no other evidence relative to fair market value and uniformity, the taxpayer would be correct in arguing that his property should be listed for 1973 at the 1972 value of $4,320.00. Here, however, the Town did introduce competent, probative evidence on these issues; thus *Bloomer* is distinguishable on this point. Based on the evidence submitted by the Town, and the evidence submitted by the taxpayer, the trial court in this de novo proceeding had both the power and the duty under 32 V.S.A. § 4467 to determine the fair market value of the taxpayer's property and to set that property in the list at a value corresponding to the listed value of comparable properties within the Town. The taxpayer's proper remedy is a new trial.

Lastly, the taxpayer charges that the trial court erred in not allowing him to testify to the appraisal value placed on his adjoining property in the Town of Pawlet by the Listers of that Town, as part of the basis of his opinion of the fair market value of the subject property. Under 32 V.S.A. § 3431, the listers of each town are under a duty to appraise property at fair market value. If the adjoining property was comparable to the subject property, its fair market value would have been relevant to the fair market value of the Danby property, though not conclusive on that issue. The taxpayer should have been allowed to testify. With regard to this evidentiary issue, the record again reflects confusion by the trial court concerning the terms "fair market value" and "listed value."

*Reversed and remanded.*