# G. Harold Welch, Jr. v. Town of Ludlow

[385 A.2d 1105]

No. 163-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

*Smith & Harlow,* Rutland, for Plaintiff.

*Bruce M. Lawlor,* Law Office of Douglas Richards, Springfield, for Defendant.

**Billings, J.** This is an appeal by taxpayer Welch from a decision of the Windsor Superior Court, which found that the property owned by appellant in the Town of Ludlow, consisting of 346 acres, a house, and various outbuildings, had a fair market value of $170,900.00 and a listed value of

$85,450.00 as of April 1, 1975. The fair market value finding by the court matched the appraisal done by the listers for the year 1975, which appraisal was affirmed by the Board of Civil Authority on appeal pursuant to 32 V.S.A. § 4404.

In May, 1974, the Town of Ludlow began a reappraisal of all properties within it to be effective as of April 1, 1975. To do the reappraisal, the Town contracted with the Commissioner of Taxes pursuant to 32 V.S.A. § 3408, since repealed. The Vermont Tax Department started its reappraisal efforts by evaluating raw land sales in the Town of Ludlow for the years 1972 through 1974; thereafter each property was inspected by one or more members of the Tax Department or the Board of Listers, and a value was assigned as of April 1, 1975. Secondly, sales of improved land were evaluated for the same period, 1972 through 1974. From this base, it was determined that a fifty acre parcel of land in the Town, demonstrating average characteristics, would have a value of $675.00 per acre. It was against this standard, in conjunction with certain adjustments discussed below, that all properties in the Town were appraised.

Individual properties, including appellant's property, were appraised in two steps. First, a physical inspection was made of the land to determine its characteristics, which were then noted on "Knowles" cards. The cards contained information regarding the property including topography, view, accessibility, road frontage, location, size, the impact of structures, and so forth. The second step involved two adjustments made on the basis of the individual characteristics involved. The first adjustment was for size and was based on the number of acres contained in a given parcel; the second adjustment was for "grade" and reflected the characteristics of the particular parcel noted above. Both adjustments were made in terms of a decimal with 1.0 being the standard against which the characteristics were measured.

Appellant first charges that the method of appraisal used by the listers and the Board of Civil Authority, which was apparently adopted by the trial court, is constitutionally invalid. The argument is twofold: first, appellant claims the method of appraisal is unconstitutional because the chairwoman of the Board of Listers was unable to fully explain it

at trial; secondly, appellant alleges that the appraisal method is invalid under the holding of *Bloomer* v. *Town of Danby,* 135 Vt. 56, 370 A.2d 194 (1977).

In a de novo appeal to the superior court under 32 V.S.A. § 4467, a presumption of validity and legality attaches to the actions of the listers. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). Once the town introduces the appraisal of the taxpayer's property into evidence, the burden of going forward with evidence to overcome the presumption resides with the moving party. *Id.* "The burden of producing evidence to overcome the presumption is satisfied by the introduction of credible evidence fairly and reasonably tending to show that the property was assessed at more than fair market value or that the listed value exceeded the percentage of listed value actually applied to the general mass of property in the community. When evidence is presented, the presumption in favor of the listers 'disappears and goes for naught.' " *Id.* Once such evidence is introduced, to prevail the town has the burden of producing evidence to justify the appraisal. It may meet this burden by introducing evidence demonstrating substantial compliance with constitutional and statutory requirements relative to fair market value and uniformity, *Id.,* or by introducing independent evidence of the fair market value of the subject property and the listed value of comparable properties within the town sufficient to justify the appraisal. See *Ames* v. *Town of Danby,* No. 251-75 (handed down this day, April 4, 1978). Of course, the burden of persuasion as to all contested issues remains on the taxpayer. *New England Power Co.* v. *Town of Barnet, supra,* 134 Vt. at 507, 367 A.2d at 1369.

At trial, appellant presented two witnesses who testified as to the fair market value of the subject property. Appellant himself testified. After describing the characteristics of the land and the buildings, appellant stated that in his opinion the property as a whole had a fair market value of $115,000.00. A real estate appraiser also testified on behalf of appellant. The appraiser first inspected the property and examined the applicable zoning regulations. He next searched for comparable sales within Ludlow, and then when he could find no com-

parable sales in Ludlow within the recent past, he looked out-side the Town. After finding comparable sales outside the Town, he adjusted them for location. Based on his investiga-tion, and using the willing buyer, willing seller definition of fair market value, he testified that the subject property had a fair market value of $125,000.00 as of April 1, 1975.

Through these two witnesses, appellant clearly satis-fied his burden of producing credible evidence fairly and reasonably tending to show that the property, assessed by the Town at $170,900.00, was assessed at more than fair market value. At trial, the Town sought to meet its resulting burden of producing evidence to justify the appraisal pri-marily by introducing evidence attempting to demonstrate that the method of appraisal used, which was the apparent basis of the trial court's decision on fair market value, sub-stantially complied with the relevant constitutional and statu-tory provisions. Essentially, appellant's first claim of error is that the Town's evidence was insufficient to meet this burden of production.

Appellant charges that appellee's method of appraisal is unconstitutional because the Town Board of Listers neither performed the actual appraisal nor understood the method used by the Vermont Tax Department to perform the ap-praisal. Essentially, he argues that by virtue of 32 V.S.A. § 3431 the listers have a nondelegable duty to appraise property at fair market value and to list the property without discrimination. Even assuming that appellant's allegation that the listers were ignorant of the method used is correct, which appellee disputes, we cannot agree with this contention.

In Vermont, where we have no home rule constitu-tional provision, a town has only those powers specifically authorized by the Legislature. *Hinesburg Sand & Gravel Co.* v. *Town of Hinesburg*, 135 Vt. 484, 485–86, 380 A.2d 64, 66 (1977). The Legislature, having the power to tax, can confer that power upon the towns in such measure as it pleases. *Caverly-Gould Co.* v. *Village of Springfield*, 83 Vt. 396, 403, 76 A. 39, 42 (1910). Clearly the State has ultimate control over the methods used for local taxation.

■ Through the statute cited to us by appellant, 32 V.S.A. § 3431, the Legislature has provided one method that towns may use to tax property subject to taxation. For a period of time from 1965 to 1975, the Legislature also provided a second method for towns to use. 32 V.S.A. § 3408, in effect from 1965 through 1975, provided that the "commissioner of taxes may enter into a contract with any town . . . to reappraise the properties of such town." In its 1975 reappraisal, the Town of Ludlow merely made use of this second method provided by the Legislature, as it was entitled to do. We find no error here.

Appellant's second argument attacking the Town's method of appraisal is that it fails to comply with relevant constitutional and statutory provisions, e.g., Vt. Const. Ch. I, Art. 9, 32 V.S.A. §§ 3431, 3481, especially in light of *Bloomer* v. *Town of Danby, supra.* As we noted above, once the taxpayer has introduced credible evidence that his property was appraised in excess of fair market value, as he has done here, the Town has the burden of producing evidence to substantiate the appraisal method used. We have carefully reviewed the record; we conclude that the Town did not meet its burden.

■■ Appraisals of real estate are required by statute to be made at fair market value. 32 V.S.A. §§ 3431, 3481. "The fair market value of property is the price which the property will bring in the market when offered for sale and purchased by another, taking into consideration all the elements of the availability of the property, its use both potential and prospective, any functional deficiencies, and all other elements such as age and condition which combine to give property a market value. There is no one or controlling factor." *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 136–37, 300 A.2d 891, 893 (1973). These elements include also the effect of any state or local law or regulation or any plan established thereunder affecting the use of land, "rules adopted by the state board of health and any local or regional zoning ordinances or development plans." 32 V.S.A. § 3481. An inflexible formula that fails to take into account these various factors cannot be employed as the sole basis for an appraisal. *Bloomer* v. *Town of Danby, supra,* 135 Vt. at 58, 370 A.2d at 195. Of course, a

sliding scale formula, which places on land a decreasing value per acre as the number of acres increases, cannot be used as the sole basis of appraisal. *Id.*

In the instant case, the formula used by the Town did take into account the individual characteristics of the land such as topography, view, accessibility, road frontage, location, and so forth, in the grade adjustment. After the grade adjustment was applied, however, a size adjustment was applied. No evidence was offered at trial as to how exactly the size adjustment was determined. While the effect of the size adjustment may not have been the same as the sliding scale we condemned in the *Bloomer* case, the Town failed to demonstrate this. Thus, it did not meet its burden of producing evidence of substantial compliance with relevant constitutional and statutory provisions. The trial court's finding of fair market value apparently based on this formula must be reversed.

Because the Town failed to validate the formula, appellant argues that his property should be set in the grand list at its 1974 value, citing the *Bloomer* case. We disagree. In *Bloomer*, the Town of Danby only introduced evidence based on the invalid sliding scale formula as evidence relative to fair market value and uniformity. Here the Town introduced, in addition to evidence based upon the formula, independent evidence on these two issues consisting of testimony as to the fair market value and the listed value of a comparable property, the evidence relative to fair market value being based on a sale. This was sufficient to meet its burden of producing evidence to justify the appraisal as to fair market value and uniformity. Appellant's proper remedy is a new trial.

Appellant has also attacked the trial court's findings of fact. Appellee urges that appellant is barred from so doing by his failure specifically to request findings of fact. While we do not decide this point, we note that the trial court's findings are clearly insufficient under the decisions of this Court. See, *e.g., Town of Walden v. Bucknam,* 135 Vt. 326, 376 A.2d 761 (1977); *New England Power Co. v. Town of Barnet,*

*supra; Schweizer* v. *Town of Pomfret,* 134 Vt. 436, 365 A.2d 134 (1976); *Bookstaver* v. *Town of Westminster, supra.*

*Reversed and remanded.*