# Lucien Leroux and Jeannette Leroux v. Town of Wheelock

[392 A.2d 387]

No. 113-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*Richard C. White* of *Rexford, Kilmartin & Chimileski,* Newport, for Plaintiffs.

*Lawrence E. Kimball,* St. Johnsbury, for Defendant.

**Billings, J.** This is an appeal by the plaintiffs from a decision of the Caledonia Superior Court ordering the Town of Wheelock to set the plaintiffs' properties located in Wheelock in the list at $97,800 in lieu of the former listed valuation of $102,000 as of April 1, 1973, and at $103,800 in lieu of the former listed valuation of $110,400 as of April 1, 1975. Plaintiffs are owners of approximately 652 acres of land in the Town of Wheelock consisting of various noncontiguous parcels of land. Some of the parcels have improvements thereon. The appeal raises issues similar to those discussed in several recent decisions of this Court. See, e.g., *Ames* v. *Town of Danby,* 136 Vt. 78, 385 A.2d 1075 (1978) ; *Welch* v. *Town of Ludlow,* 136 Vt. 83, 385 A.2d 1105 (1978); *Bloomer* v. *Town of Danby,* 135 Vt. 56, 370 A.2d 194 (1977).

In 1972, the Town of Wheelock conducted a reappraisal of properties within it to be effective as of April 1, 1973. Apparently, land sales in the Town of Wheelock and surrounding towns were analyzed from which it was determined that a fifty acre parcel of land in the Town, demonstrating average characteristics, would have a value of $200 per acre. Against this

standard, two adjustments were made. The first was for size and was based on the number of acres in a given parcel. The second was for "grade"; at trial, a lister for the Town testified that the grade adjustment reflected the availability of access to the property and its scenic value. As a result of the reappraisal, the plaintiffs' properties were appraised at a total value of $106,400 as of April 1, 1973. Plaintiffs duly appealed to the Board of Civil Authority, 32 V.S.A. § 4404, which reduced the appraisal to $102,000. For the tax year 1975, plaintiffs' properties were appraised at $110,400, the increase being due to certain improvements made to their home place. Both appraisals were appealed de novo to the superior court, 32 V.S.A. §§ 4461, 4467, and the causes were consolidated for one trial.

In a de novo appeal to the superior court under 32 V.S.A. § 4467, a presumption of validity and legality attaches to the actions of the listers. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). Once the town introduces the appraisal of the taxpayer's property into evidence, the burden of going forward with evidence to overcome the presumption resides with the taxpayer. *Id.* This burden may be satisfied by the introduction of credible evidence fairly and reasonably tending to show that the property was assessed at more than fair market value or that the listed value exceeded the percentage of listed value actually applied to the general mass of property in the community. *Welch* v. *Town of Ludlow, supra,* 136 Vt. at 86, 385 A.2d at 1107. Or the taxpayer may attack the town's method of appraisal directly by introducing evidence calculated to demonstrate that the method used was invalid. See *Ames* v. *Town of Danby, supra,* 136 Vt. at 82, 385 A.2d at 1078. Once such evidence is presented the presumption of validity disappears, and the town, to prevail, must produce evidence to justify the appraisal. The town may either present evidence demonstrating that the method of appraisal substantially complied with the relevant constitutional and statutory requirements, or it may substantiate the appraisal with independent evidence relative to the fair market value of the subject property and the listed value of comparable properties within the town. *Welch* v. *Town of Ludlow, supra,* 136 Vt. at 86, 385 A.2d at

1107. The burden of persuasion, however, remains on the taxpayer as to all contested issues. *New England Power Co.* v. *Town of Barnet, supra,* 134 Vt. at 507, 367 A.2d at 1369.

At trial, the plaintiffs presented two witnesses, one of the plaintiffs and an expert real estate appraiser. Neither witness contended that plaintiffs' properties were assessed at more than fair market value. The thrust of plaintiffs' case was that their properties had been listed inequitably. Plaintiffs' expert prepared an exhibit, which was introduced into evidence, that compared the per acre sale price of recently sold properties with the listers' per acre appraisal; he found that the listers' appraisal averaged 37½% under the sales price of the land. He also compared sales of homes with the listers' valuation and found that homes were appraised on the average 35% under their sales price. Taking those two percentages and applying them to the subject properties, he found that "to be equitable with the majority of property in the Town of Wheelock, the value of the Leroux property for tax purposes should be $79,500 . . ." for each taxable year under consideration. By this evidence, which reasonably tended to establish nonconformity, plaintiffs placed the burden of producing evidence to justify the appraisal on the Town.

It is apparent that the Town did not meet its burden. It produced no independent evidence on fair market value and uniformity. As to the method of appraisal the Town used, it appears to us to be no different from the method we condemned in *Ames, supra,* and *Bloomer, supra.* The size adjustment used by the Town increased the per acre value given the property as the number of acres in the property decreased. The grade adjustment reflected only two factors, access and view. Compare *Welch* v. *Town of Ludlow, supra,* 136 Vt. at 89, 385 A.2d at 1107. The evidence presented established that the method used was, in essence, a sliding scale, which is not a valid means of appraisal.

Finally, 32 V.S.A. § 4467 mandates that the trial court make a finding of the fair market value of the subject properties. *Ames* v. *Town of Danby, supra,* 136 Vt. at 82, 385 A.2d at 1078. It is only after the trial court finds fair market value

that adjustment can be made to insure that the listed value of property corresponds to that of comparable properties within the town. *Town of Walden* v. *Bucknam,* 135 Vt. 326, 328, 376 A.2d 761, 763 (1977). Also, at the times here material, listed value was defined to be 50% of appraised or fair market value. 32 V.S.A. § 3481 (since amended to define listed value as 100% of appraised value). In the instant cause, the trial court found values for "tax purposes" and ordered the properties set in the list at those values for the appropriate taxable years. The trial court did not make the requisite findings of fair market value. This alone is prejudicial error and requires a reversal. *Ames* v. *Town of Danby, supra,* 136 Vt. at 82, 385 A.2d at 1078.

*Reversed and remanded.*