## City of Barre v. Town of Orange

[417 A.2d 939]

No. 475-79

Present: Barney, C.J., Daley, Larrow, and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed June 24, 1980

Motion for Reargument or Revision of Entry Order Denied July 25, 1980

*John F. Nicholls,* City Attorney, Barre, for Plaintiff.

*Otterman & Allen,* Bradford, for Defendant.

**Daley, J.** This is an appeal by the Town of Orange from a decision of the board of appraisers. 32 V.S.A. § 4466; 3 V.S.A. § 815(a). The property involved is the City of Barre's reservoir, located in the Town of Orange. Initially, the town listers appraised this property at $448,476, and this appraisal was upheld by the board of civil authority. 32 V.S.A. § 4404. The taxpayer's further appeal was heard by the board of appraisers appointed by the commissioner of taxes. See 32 V.S.A. §§ 4461, 4462, 4465, 4467. The board lowered the appraisal to $350,000, but this decision was subsequently reversed because of inadequate findings, and remanded to the board. *City of Barre* v. *Town of Orange,* 136 Vt. 644, 399 A.2d 176 (1979) (mem.). Based on the original evidence before it, the board made new findings in which it found that the fair market value of the property in question is $275,000. This is the decision that is before us today. We reverse.

At the hearing before the board, the town introduced evidence of the listers' appraisal, and evidence of the fair market value. At this point, a presumption of validity and legality attached to the listers' actions, and the burden of going forward shifted to the taxpayer. *Welch* v. *Town of Ludlow,* 136 Vt. 83, 86, 385 A.2d 1105, 1107 (1978); *Schweizer* v. *Town of Pomfret,* 134 Vt. 436, 438, 365 A.2d 134, 135 (1976). Although the parties agreed that there were no similar properties in the Town of Orange, the taxpayer's expert nonetheless maintained that certain properties were "comparable." He testified as to the listed value of these properties, and concluded that the taxpayer's list was, as a matter of equity, too high, and that the reservoir property should have been appraised at $275,000. This was the evidence relied on by the board to find that the property's fair market value is $275,000.

Because there are no substantially similar properties in the town, this appeal is governed principally by 32 V.S.A. § 4467, *Village of Morrisville Water & Light Department* v. *Town of Hyde Park,* 134 Vt. 325, 330, 360 A.2d 882, 885 (1976), which provides in part:

Upon the appeal to the board of appraisers or the court of chancery, the board or court shall proceed de novo and determine the correct valuation of the property as promptly as practicable. The board or court shall take into account the requirements of law as to valuation, and the provisions of Chapter I, Article 9 of the Constitution of Vermont and the 14th Amendment to the Constitution of the United States. If the board or court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value.

■ The town argues that the board erred by admitting evidence of corresponding listed values, because the notice of appeal specifies that fair market value is the issue on appeal. Although 32 V.S.A. § 4461(a) does require that, in an appeal to the commissioner (now director), the notice of appeal shall set "forth briefly the grounds upon which the appeal is based," we do not read this language to limit the scope of the appeal. Generally speaking, the scope of appeals is not limited by the notice of appeal. See *Town of Lyndon* v. *Burnett's Contracting Co.*, 138 Vt. 102, 108, 413 A.2d 1204, 1207 (1980). In the area of tax appeals, where review is de novo, 32 V.S.A. § 4467, we are especially reluctant to limit the scope of inquiry. See *Punderson* v. *Town of Chittenden*, 136 Vt. 221, 223, 388 A.2d 373, 374–75 (1978). We decline to do so here.

■ The town also challenges the finding of fair market value as not supported by a proper method of valuation. Fair market value is the price which the property will bring in the market, taking into consideration its availability, use and limitations. 32 V.S.A. § 3481(1); *Welch* v. *Town of Ludlow, supra,* 136 Vt. at 88, 385 A.2d at 1108; *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 136–37, 300 A.2d 891, 893 (1973). Although many different methods exist for determining fair market value, see *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 505, 367 A.2d 1363, 1368 (1976); *Town of Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 580–81, 313 A.2d 392, 393–94 (1973), reliance on listed values is unacceptable. Listed values reflect an equalized value

that may well be purposely changed from the fair market value. Furthermore, listed values often lag behind the values of the marketplace. See generally *International Paper Co.* v. *Town of Winhall,* 133 Vt. 385, 387–88, 340 A.2d 42, 44–45 (1975). Therefore, they have that tendency to lead the appraisers astray of their duty to determine fair market value which was criticized in *Town of Barnet* v. *Central Vermont Public Service Corp., supra,* 131 Vt. at 581, 313 A.2d at 394.

Absent a proper determination of fair market value, inquiry into equalization was premature. *Leroux* v. *Town of Wheelock,* 136 Vt. 396, 399–400, 392 A.2d 387, 390 (1978); *Town of Walden* v. *Bucknam,* 135 Vt. 326, 328, 376 A.2d 761, 763 (1977) (per curiam). Since the finding of fair market value was not supported by competent evidence, the cause must be reversed.

*Reversed and remanded.*