# Francis M. Beaudry and Frank Arena v. Town of Chester

[463 A.2d 220]

No. 363-81

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 7, 1983

*Divoll & Doores, P.C.,* Bellows Falls, for Plaintiffs-Appellants.

*Sarah E. Vail,* Chester, for Defendant-Appellee.

**Underwood, J.** Plaintiffs, Francis Beaudry and Frank Arena, each owning 20 acres of unimproved land in the defendant town of Chester, appeal from a decision of the Windsor Superior Court which found that each parcel had a fair market value of $8,000 as of April 1, 1979. They argue that (1) the court erred in not finding that the method of appraisal used by the town in establishing its grand list for April 1, 1979, was invalid, and (2) the town failed to meet its burden of proof that the properties were listed at their fair market value. We disagree with both of the plaintiffs' contentions and affirm.

Briefly stated, the facts are as follows. From June 30, 1978, to April 1, 1979, the town of Chester conducted a reappraisal of properties within it. The method used by the appraisers in making their appraisal was to analyze the sales of all property sold in the town over the previous three years to determine base values for various size properties. It was against these base values with certain adjustments that all the land in town was appraised.

Land was appraised in two steps. First, a physical inspection was made to determine the characteristics of the land, including view, accessibility, road frontage, location, size and the impact of structures on the property. Second, the appraisers made two adjustments to the base value on the basis of the characteristics involved. The first adjustment was made for location of the property. The second was made for grade, topography, road frontage and various other characteristics.

The base value per acre for a 20-acre parcel was $800. After taking this base value and applying the adjustments for location and quality grade, the land value for each plaintiff's property was set at $12,800. This was readjusted at the listers' grievance day to a figure of $10,000, and further readjusted by the Board of Civil Authority to $8,000.

Both plaintiffs appealed to the Windsor Superior Court. The two cases were heard together. Since the parcels owned by each were exactly the same in every respect, it was agreed by counsel that the findings of fact, conclusions of law and order would apply to both plaintiffs. The trial court upheld the appraisal of $8,000, and from its order the plaintiffs filed this appeal.

 In a long line of cases this Court has established rules governing appraisal methods and the obligations of taxpayers and towns on appeals. A summary of that method is set forth in *Leroux* v. *Town of Wheelock,* 136 Vt. 396, 392 A.2d 387 (1978).

In a de novo appeal to the superior court under 32 V.S.A. § 4467, a presumption of validity and legality attaches to the actions of the listers. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). Once the town introduces the appraisal of the taxpayer's property into evidence, the burden of going forward with evidence to overcome the presumption resides with the taxpayer. *Id.* This burden may be satisfied by the introduction of credible evidence fairly and reasonably tending to show that the property was assessed at more than fair market value or that the listed value exceeded the percentage of listed value actually applied to the general mass of property in the community. *Welch* v. *Town of Ludlow, supra,* 136 Vt. at 86, 385 A.2d at 1107. *Or the taxpayer may attack the town's method of appraisal directly by introducing evidence calculated to demonstrate that the method used was invalid.* See *Ames* v. *Town of Danby, supra,* 136 Vt. at 82, 385 A.2d at 1078. Once such evidence is presented the presumption of validity disappears, and the town, to prevail, must produce evidence to justify the appraisal. The town may either present evidence demonstrating that the method of appraisal substantially complied with the relevant constitutional and statutory requirements, or it may substantiate the appraisal with independent evidence relative to the fair market value of the subject property and the listed value of comparable properties within the town.

*Welch* v. *Town of Ludlow, supra,* 136 Vt. at 86, 385 A.2d at 1107.

*Id.* at 398, 392 A.2d at 389 (emphasis added).

In the instant case, the plaintiffs attempted "to attack the town's method of appraisal directly by introducing evidence calculated to demonstrate that the method used was invalid." In this regard, they introduced into evidence the table of base values arrived at per acre and used by the town in establishing the listed value of the properties concerned. The table showed that the base value was adjusted for different sized parcels with the value per acre decreasing as the size of the acreage increased. The plaintiffs contend that this method of appraisal is in essence a sliding scale, which was condemned by this Court as invalid in *Bloomer* v. *Town of Danby,* 135 Vt. 56, 370 A.2d 194 (1977), and *Welch* v. *Town of Ludlow,* 136 Vt. 83, 385 A.2d 1105 (1978), and other subsequent cases. The trial court properly rejected this argument.

In *Bloomer,* we held that a sliding scale formula, based strictly upon a decreasing value per acre as the number of acres increases, cannot be used as the sole basis of appraisal of property. *Bloomer* v. *Town of Danby, supra,* 135 Vt. at 58, 370 A.2d at 195. In the instant case, the town did not use a sliding scale formula as the sole criterion for determining property value. The method of appraisal utilized by the town also considered accessibility, road frontage, location, the impact of structures, grade, and topography. Therefore, our holding in *Bloomer* is not applicable in this instance.

The plaintiffs argue, however, that a sliding scale formula is an invalid method of appraisal even if it does take into account the individual characteristics of the land. They rely on *Welch* v. *Town of Ludlow, supra,* to support this proposition. The plaintiffs' reliance is misplaced.

In *Welch,* the taxpayer overcame the presumption of validity that attached to the actions of the listers by introducing credible evidence which fairly and reasonably tended to show that the town assessed his property at more than fair market value. The town then sought to meet its resulting burden of producing evidence to justify the appraisal by introducing evidence attempting to demonstrate that the method of ap-

praisal used complied with the relevant constitutional and statutory requirements. We held that the town failed to meet this burden.

> [T]he formula used by the Town did take into account the individual characteristics of the land such as topography, view, accessibility, road frontage, location, and so forth, in the grade adjustment. After the grade adjustment was applied, however, a size adjustment was applied. No evidence was offered at trial as to how exactly the size adjustment was determined. While the effect of the size adjustment may not have been the same as the sliding scale we condemned in the *Bloomer* case, the Town failed to demonstrate this. Thus, it did not meet its burden of producing evidence of substantial compliance with relevant constitutional and statutory provisions.

*Id.* at 89, 385 A.2d at 1109.

In the instant case, the plaintiffs did not present any credible evidence which showed that the town assessed their properties at more than fair market value. Therefore, the town did not have to prove that its appraisal method complied with relevant constitutional and statutory provisions. Rather, the plaintiffs had the burden of introducing evidence to demonstrate that said method was invalid. They failed to do so.

In any event, the town did demonstrate exactly how all the individual characteristics, including size and grade adjustments, were applied. Moreover, a complete review of the record convinces this Court that the appraisal system utilized by the town did not produce the arbitrary and inequitable results that the sliding scale in *Bloomer* did. Thus, we conclude that the system was in substantial compliance with all relevant constitutional and statutory provisions.

■ The plaintiffs' second argument, that the town failed to meet its burden of proof that the properties were listed at their fair market value, is without merit. The trial court correctly ruled that the plaintiffs failed to overcome the presumption of validity and legality which attached to the actions of the listers once the town introduced the appraisal of the taxpayers' property into evidence. As such, the town was under

no obligation to present any independent evidence. *Leroux* v. *Town of Wheelock, supra,* 136 Vt. at 398, 392 A.2d at 389.

*Affirmed.*