### Wesley and Erla Bailey v. Town of Craftsbury

[475 A.2d 1390]

No. 83-011

Present: Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed March 23, 1984

---

*Wesley and Erla Bailey,* pro se, Craftsbury, Plaintiffs-Appellants.

*Chimileski & White,* Newport, for Defendant-Appellee.

**Per Curiam.** This is a tax appeal, in which plaintiffs Wesley and Erla Bailey appeal the appraisals made on their properties by the state board of appraisers. The Town of Craftsbury cross-appeals the appraisal of one of the two properties. Both parties contend that the appraisals made by the state board failed to correspond to those of comparable properties in the town. Because of the failure of the board of appraisers to follow the procedures set forth in the statutes, we reverse and remand the matter for a new trial.

The method for appealing a decision of the local board of civil authority is set forth in chapter 131 of Title 32, Vermont Statutes Annotated. Under 32 V.S.A. § 4461, the taxpayer or the selectmen may appeal an adverse decision either to the director of the division of property valuation and review of the Vermont Tax Department, or to the superior court. In this case, plaintiffs took their appeal to the director, who, in accordance with the statute, referred the appeal to a board of appraisers for a trial de novo. *Id.* § 4465. Following hearing, the board issued written findings and its determination as to the appraised values of the two parcels of land.

32 V.S.A. § 4467 provides as follows:

> Upon the appeal to the board of appraisers or the superior court, the board or court shall proceed de novo and determine the correct valuation of the property as promptly as practicable. The board or court shall take

into account the requirements of law as to valuation, and the provisions of Chapter I, Article 9 of the Constitution of Vermont and the 14th Amendment to the Constitution of the United States. If the board or court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value. The findings and determinations of the board shall be made in writing and shall be available to the appellant.

Although the board made findings that compared the listed values of plaintiffs' properties with the listed values of comparable properties within the town, it unfortunately failed to find the fair market values of the plaintiffs' properties.

■ The board "is under a duty to render findings on the fair market value of the subject property." *Town of Walden* v. *Bucknam*, 135 Vt. 326, 328, 376 A.2d 761, 763 (1977) ; see *Ames* v. *Town of Danby*, 136 Vt. 78, 81, 385 A.2d 1075, 1078 (1978) (failure of superior court to make a finding of fair market value is prejudicial error and requires reversal). Its oversight was perhaps induced by the form promulgated by the Tax Department for guidance to the board of appraisers. That form provides space for setting forth the appraisals of the various boards (board of listers, board of civil authority, board of appraisers), but does not provide space for setting forth both the fair market values and the listed values of the properties at issue. The fair market value is an important factor, because it is this value against which any adjustments must be made in order to arrive at a comparable listing, both for the year in question and in future years. *Town of Walden, supra,* 135 Vt. at 328, 376 A.2d at 763.

■ For lack of this essential finding, the matter must be remanded.

*Reversed and remanded.*