Stephen P. and Lauren MOORE v. Wade BEECHER

[482 A.2d 1225]

No. 84-144

September 6, 1984. Appellee's motion to dismiss is granted on the grounds that the appellant has raised no issue which is appealable to this Court. Motions under V.R.C.P. 55(c) or V.R.C.P. 60(b) are properly addressed only to the trial court. See *Kotz* v. *Kotz*, 134 Vt. 36, 40, 349 A.2d 882, 885 (1975).

Rosalie LIEBMAN v. TOWN OF JAMAICA

[485 A.2d 138]

No. 82-345

October 9, 1984. Because the findings issued by the Property Valuation and Review Division are inadequate, this case must be reversed and remanded. See *Corrette* v. *Town of St. Johnsbury*, 140 Vt. 315, 437 A.2d 1112 (1981); *Schweizer* v. *Town of Pomfret*, 134 Vt. 436, 365 A.2d 134 (1976); *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 300 A.2d 891 (1973).

"The Board has an affirmative duty to make specific findings [of fact regarding] the comparable properties. It is clearly insufficient and constitutes reversible error to merely state, as it did, that it 'checked' the comparable properties." *Schweizer, supra,* 134 Vt. at 437, 365 A.2d at 135.

STATE of Vermont v. William A. ST. GEORGE

[487 A.2d 1079]

No. 84-133

November 7, 1984. The State failed to introduce any evidence concerning the time of defendant's operation of his motor vehicle. Without such evidence, the State failed to prove the defendant guilty as charged beyond a reasonable doubt. *State* v. *Clark*, 130 Vt. 500, 503–04, 296 A.2d 475, 477 (1972).

Judgment reversed; judgment of acquittal to be entered for the defendant.