## City of Barre v. Town of Orange

[566 A.2d 951]

No. 86-366

Present: **Allen, C.J., Peck and Mahady, JJ., and Keyser, J. (Ret.) and Connarn, D.J. (Ret.), Specially Assigned**

Opinion Filed March 24, 1989

Motion to Amend Order Granted September 5, 1989

*John F. Nicholls,* Barre, for Plaintiff-Appellee.

*Otterman and Allen, P.C.,* Barre, for Defendant-Appellant.

**Mahady, J.** This is an appeal by the Town of Orange (Town) from a decision of the Division of Property Valuation and Review. The property involved is the City of Barre's (City) reservoir, located in the Town of Orange. Initially, the town listers appraised this property at $1,423,050. The City-taxpayer appealed to the Board of Civil Authority, which reduced the listers' appraisal to $1,100,000. The City's de novo appeal was heard by the State Board of Appraisers appointed by the Director of Property Valuation and Review. The Board reduced the appraisal to $742,000, and an order was entered by the Director accordingly. The principal issue raised by the Town's appeal is whether the valuation of the property is controlled by 32 V.S.A. § 3659, as claimed by the City, or by 32 V.S.A. § 4467, as claimed by the Town. We hold that 32 V.S.A. § 4467 is the controlling statute, and, therefore, we reverse the Board's decision.

The land of a municipal corporation situated outside its territorial limits may be taxed by the municipality in which the land is situated. As a general rule, the value fixed on such property for tax purposes shall be the same per acre as the

value fixed on similar property in the municipality in which the land is situated. 32 V.S.A. § 3659.

However, where property similar to the property at issue cannot be found within the taxing municipality, § 3659 does not apply. In such a case, 32 V.S.A. § 4467 relating to tax appeals generally is to be applied. *Village of Morrisville Water & Light Dept. v. Town of Hyde Park*, 134 Vt. 325, 330, 360 A.2d 882, 885 (1976). This rule serves the legislative intent that "the town of situs neither gain ·nor lose in its tax base through municipal ownership and development." *Id.*

The property at issue is a reservoir. No other property substantially similar to it is to be found within the Town of Orange. Therefore, § 4467 controls. *City of Barre v. Town of Orange*, 138 Vt. 484, 485, 417 A.2d 939, 940 (1980).

■ In appeals taken to the State Board of Appraisers there is a presumption that the appraisal is valid and legal. "The burden rests on the taxpayer to go forward with evidence to overcome this presumption. If the taxpayer introduces 'credible evidence fairly and reasonably tending to show that [the] property was appraised at more than its fair market value,' the presumption disappears." *Adams v. Town of West Haven*, 147 Vt. 618, 619–20, 523 A.2d 1244, 1245 (1987) (quoting *Kruse v. Town of Westford*, 145 Vt. 368, 371–72, 488 A.2d 770, 772 (1985)) (citations omitted).

■ Here, the testimony offered by the City was insufficient to overcome the presumption. "The standard by which the trier must weigh the facts sought to be used to overcome the presumption is not one of credibility but rather of admissibility ...." *Kruse v. Town of Westford*, 145 Vt. at 372, 488 A.2d at 772 (citing *Rutland Country Club, Inc. v. City of Rutland*, 140 Vt. 142, 146, 436 A.2d 730, 732 (1981)). Therefore, the issue is the admissibility of credible evidence, not whether the evidence is more or less credible than the town's evidence regarding its method of appraisal: "Does the fact offered in proof afford a basis for a rational inference of the fact to be proved?" *Tyrrell v. Prudential Insurance Co. of America*, 109 Vt. 6, 21, 192 A. 184, 191 (1937).

■ The City's expert offered testimony which purported to show that the value fixed on the City's property was not the same per acre as the value fixed on similar property in the municipality. This is a fact to be proved in an appeal controlled by 32 V.S.A. § 3659; it is not a fact to be proved in an appeal, such as this, in which 32 V.S.A. § 4467 applies. In the first instance, the fact to be proved is the fair market value of the property. *Kachadorian v. Town of Woodstock*, 144 Vt. 348, 350, 477 A.2d 965, 967 (1984) (citing *Bailey v. Town of Craftsbury*, 144 Vt. 260, 262, 475 A.2d 1390, 1391 (1984)). As a second step, the fair market value must then be "equalized" to insure that the property is listed comparably to corresponding properties in the municipality. *Id.*; see also *City of Barre v. Town of Orange*, 138 Vt. at 487, 417 A.2d at 941 ("Absent a proper determination of fair market value, inquiry into equalization was premature.").

■ The taxpayer, despite this Court's previous decision, *City of Barre v. Town of Orange*, 138 Vt. 484, 417 A.2d 939 (1980), has proceeded throughout on the premise set forth in its brief: "It is the City's position that 32 V.S.A. § 3659 is the controlling statute." It was not the controlling statute in 1980; it is not now. The Board erred in its adoption of the City's position that the appraisal of the subject property is governed by 32 V.S.A. § 3659.

The fundamental error of the Board in applying the inappropriate statute is dispositive of the appeal. Therefore, it is not necessary for us to address the second issue raised by the appellant concerning the Board's qualification to hear the matter.

*Reversed. The value of the property is fixed at $1,100,000 plus the 75% agreed upon by the parties pursuant to 32 V.S.A. § 3659.*