## Lawrence and Clara Littlefield v. Town of Brighton

[563 A.2d 998]

No. 88-444

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 9, 1989

*Lawrence* and *Clara Littlefield, pro se*, Island Pond, Plaintiffs-Appellants.

*Moore & Donnellan*, Island Pond, for Defendant-Appellee.

**Gibson, J.** Taxpayers Lawrence and Clara Littlefield appeal from a decision of the Vermont State Board of Appraisers (Board) with respect to their property in Brighton. We reverse and remand.

Taxpayers own a house and 12.1 acres of land in the Town of Brighton (Town). Their property was assessed by the listers for the 1987 grand list at $46,635, representing a listed value of

$12,682 for the land, $26,912 for the house, and $7,041 for other buildings. Taxpayers appealed pursuant to 32 V.S.A. § 4404 to the board of civil authority, which affirmed the assessment. Taxpayers then appealed to the director of the division of property valuation and review of the Department of Taxes, 32 V.S.A. § 4461, who referred the appeal to the Board. 32 V.S.A. § 4465. After a hearing, the Board set the fair market value of the taxpayers' property at $44,800 ($12,700 for the land and $32,100 for the buildings).

Taxpayers challenge the Board's valuation on several grounds, essentially arguing that the value of the property as stated by the Board was incorrectly determined. Because we conclude that the Board erred in valuing the property without having applied an equalization ratio, we reverse and remand for a new hearing.

## I.

On an appeal taken pursuant to 32 V.S.A. § 4467, the Board's duty is to determine the correct valuation of the property in a constitutional manner. If it finds that the listed value does not correspond to the listed value of comparable properties within the town, it is directed to "set said property in the list at a corresponding value." *Id.*

In appeals under § 4467, a presumption of validity is accorded the appraisal reached by the board of civil authority. *Manganelli* v. *Town of Proctor*, 144 Vt. 451, 453, 479 A.2d 155, 156 (1984). Once the taxpayer presents evidence which fairly and reasonably indicates that the property was assessed at more than fair market value, or that the listed value exceeded the percentage of fair market value applied generally to comparable property within the community, the presumption is overcome and disappears. *Kruse* v. *Town of Westford*, 145 Vt. 368, 372-73, 488 A.2d 770, 773 (1985); *Rutland Country Club, Inc.* v. *City of Rutland*, 140 Vt. 142, 145, 436 A.2d 730, 732 (1981).

At the Board hearing, taxpayers made reference to the evidence they had placed before the listers and the board of civil authority relative to their claim of overassessment. While instructing taxpayers that this was a de novo proceeding, the chair of the Board stated, "our decision today will rest entirely on the evidence that is presented here today. And that which you apparently did present to another proceeding is evidence in this case." Mr. Little-

field, testifying on his own behalf, queried the Board's chair as to what this meant: "It is evidence?" The chair replied, "Yes. . . . I've taken judicial notice of it." One of the documents contained in the file, of which the Board took judicial notice, was a list of ten separate objections to the 1987 appraisal of taxpayers' property, each supported by references to the valuation standards set forth in the 1980 State Appraisal Manual. For instance, taxpayers objected to the classification of their home's foundation as "average" on the grounds that under the manual's criteria — which were set forth in detail — the foundation should properly have been classified as "below average."

In addition to this documentary evidence, Mr. Littlefield testified before the Board as to what he believed the fair market value of his house to be, as well as to the value of neighboring properties. We conclude that under the standards set forth in *Rutland Country Club* and *Kruse* v. *Town of Westford* this evidence, coupled with taxpayers' testimony of valuation, presents "a basis for a rational inference of the fact to be proved," that is, that the assessment of taxpayers' house was too high. *Kruse,* 145 Vt. at 372, 488 A.2d at 772. Thus, taxpayers successfully overcame the presumption of validity attaching to the appraisal.

II.

■ Once the presumption disappears, the Town must produce evidence justifying the appraisal. *Id.* at 372, 488 A.2d at 773. The Town can justify the appraisal either by showing that it substantially complied with the relevant statutory and constitutional requirements, or by substantiating it with independent evidence relative to the property's fair market value and the listed value of comparable properties. *Id.* at 373, 488 A.2d at 773; *Beaudry* v. *Town of Chester,* 143 Vt. 182, 184, 463 A.2d 220, 222 (1983) (relying on *Leroux* v. *Town of Wheelock,* 136 Vt. 396, 398, 392 A.2d 387, 389 (1978)). The Board then weighs the Town's evidence against that of the taxpayer, upon whom the burden of persuasion rests as to all contested issues. *Kruse,* 145 Vt. at 372, 488 A.2d at 773.

The only evidence taxpayers presented as to their property's fair market value was in the form of testimony by Mr. Littlefield, a former town lister, who essentially reiterated the arguments set forth in his ten-point list of objections previously admitted as evi-

dence. He also testified that he believed the fair market value of his property was $40,000, not the $46,635 listed by the Town in its appraisal.

Referring to other properties, Mr. Littlefield testified that his next door neighbor had sold his property, with a larger house containing two bathrooms (as opposed to only one in the Littlefield house), "two or three years ago" for $32,000, claiming that this indicated the property's fair market value. He also stated that an adjoining landowner was currently attempting to sell some of his land for $400 per acre.

The Town's witness, one of the original listers, placed into evidence the appraisal form for property belonging to Claire Blake, which the lister contended was a comparable property, the house having the same square footage and general design as taxpayers' house although it sat on only .23 acre of land. The lister testified that she felt the value assigned taxpayers' property lay comfortably within the range of "comparable propert[ies]" on the same street, although she presented no evidence other than the Blake appraisal.

Although the Town did present evidence as to the listed value of a comparable property, it failed to introduce any evidence of the fair market value of that property independent of the appraisal form. See *Kruse,* 145 Vt. at 373, 488 A.2d at 773. Because a proceeding before the Board is de novo, the use of independent evidence to support the Town's appraisal, once the presumption of validity disappears, is crucial.

In deciding whether a property's listed value is comparable to that of other properties, as directed by 32 V.S.A. § 4467, the Board must use a two-step procedure: first, it must determine the subject property's fair market value; and second, that value must be "equalized" to ensure that the listing is comparable to corresponding properties. See *Kachadorian* v. *Town of Woodstock,* 144 Vt. 348, 350, 477 A.2d 965, 967 (1984). This latter step is required by constitutional provisions incorporated by reference into § 4467, which mandate that property within a town must be appraised at a uniform rate. *Kruse* v. *Town of Westford,* 145 Vt. at 375, 488 A.2d at 774-75.

> When comparable properties exist, their current market value must be compared with their current listed value to arrive at an equalization rate. This rate must then be ap-

plied to the subject property's fair market value to produce the proper listed value.

*Kachadorian,* 144 Vt. at 351, 477 A.2d at 967.

Here, the Board failed either to ascertain or apply an equalization ratio to the listed value of the comparable property. Thus, the case is similar to *Kachadorian,* in which we stated that:

> It remains a mystery as to what use the Board made of the information regarding the Town's comparables. Only their listed values were discussed. The listed value of a comparable is not to be used in determining a subject property's fair market value, and listed value alone, in the absence of fair market value, is useless in arriving at a ratio for equalization purposes.

*Id.* at 352, 477 A.2d at 967-68 (citation omitted). In other words, simply adducing evidence regarding the listed value of a comparable property, without ascertaining and applying an equalization ratio to ensure equitable taxation among similar properties, does not prove correct valuation under 32 V.S.A. § 4467.

A review of the record indicates that the Board's failure to ascertain and apply an equalization ratio renders its conclusion as to the property's correct valuation unsupported.

*Reversed and remanded.*