# John and Mary Ann Wilde v. Town of Norwich

[566 A.2d 656]

No. 87-286

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed August 11, 1989

*Hershenson, Carter, Scott and McGee,* Norwich, for Plaintiffs-Appellees.

*Plante, Richards, Hanley & Gerety, P.C.,* White River Junction, for Defendant-Appellant.

**Dooley, J.** This is a property tax appeal in which the superior court granted taxpayers' motion for summary judgment and set the assessed value of the subject property at $132,217.50 for the tax year 1985. The Town appeals alleging that there was a genuine issue of material fact as to the fair market value of the property in question and, therefore, that summary judgment was inappropriate. We affirm.

The facts and background of this case are simple. On March 26, 1985, plaintiffs signed a purchase and sale agreement to buy the subject property, a home and surrounding land in the Town of Norwich, for $152,500. The actual transfer of title occurred on July 2, 1985. It is undisputed that the sale was an arms length transaction, entered into in good faith between persons who did not know each other. The property had been listed since July of 1983 or before, and apparently the price was eventually lowered to facilitate a sale.

The listers of the Town of Norwich appraised the property at $187,210, and the Board of Civil Authority reduced this appraisal to $166,275. The plaintiffs appealed to the superior court claiming that the sales price was by definition the fair market value and seeking an adjudication that the fair market value of the property was $152,500 and the appraised value should be $132,217.50 based on an 86.7% equalization ratio used in the Town of Norwich.[1]

Plaintiffs moved for summary judgment based on their complaint, the affidavit of John Wilde setting forth the sale price and circumstances, the affidavit of plaintiffs' counsel stating the equalization ratio as derived from the Division of Property Valuation and Review, and the affidavit of a real estate agent who handled the sale to the plaintiffs. The Town responded with an affidavit of a lister who stated that in the opinion of the Board of Listers the property had a value of $196,273,[2] that there were "circumstances contributing to the sale" of the property such that the sale price did not represent fair market value, namely, the property had been for sale for a long period and the former owner "was most anxious to sell the same." The Town did not contest the equalization ratio.

The superior court granted summary judgment, setting the appraisal for tax year 1985 at $132,217.50 as requested by plaintiffs. The court's order is based on this Court's decision in *Royal Parke Corp. v. Town of Essex*, 145 Vt. 376, 378–79, 488 A.2d 766, 767–68 (1985). The Town appealed.

---

[1] Taxpayers originally claimed the proper equalization ratio was 95% but modified their position in the motion for summary judgment.

[2] This value was the amount originally set by the listers, which they later reduced to $187,210, and which the Board of Civil Authority reduced still further.

■ It is helpful at the outset to set forth the burdens imposed on the parties in property tax appeals. The appraised value set by the Board of Civil Authority is presumed valid and the first burden on the taxpayer is to rebut that presumption by admissible evidence. *City of Barre v. Town of Orange*, 152 Vt. 442, 444, 566 A.2d 951, 952 (1989). Once the taxpayer introduces evidence to rebut the presumption, the burden of production shifts to the Town to support the appraisal either by showing that the appraisal method complies substantially with the law or through independent evidence of the value of the property. *Littlefield v. Town of Brighton*, 151 Vt. 600, 602, 563 A.2d 998, 1000 (1989). The taxpayer, however, retains the overall burden of persuasion. *Id.* at 602, 563 A.2d at 1000.

Here, through their summary judgment affidavits, taxpayers showed that they had evidence to rebut the presumption of validity. Since our statutory definition of fair market value is "the price which the property will bring in the market when offered for sale and purchased by another," 32 V.S.A. § 3481(1), plaintiffs' showing of an actual sale price pursuant to a contract signed within days of the listing date is strong, if not conclusive, evidence of fair market value. See 32 V.S.A. § 3482 (property listed as of April 1 of the year of appraisal). In *Royal Parke* we said about such evidence:

> When ... fair market value can be established by the operation of bona fide sale transactions themselves, a market value is perforce established for appraisal purposes. There is then no need to consider factors useful in trying to estimate market value. So long as the sales evidence proves a transaction between a willing buyer and willing seller at arms length, entered into in good faith, and not to "rig" a value, the tax statute is not concerned about the reasons either buyer or seller attributed the agreed value to the property.

145 Vt. at 378–79, 488 A.2d at 768; see also *Sondergeld v. Town of Hubbardton*, 150 Vt. 565, 567–68, 556 A.2d 64, 66 (1988).

The Town in this case argues that it could show that under the circumstances of the sale the sale price was an inadequate indication of fair market value. We do not have to determine whether such evidence would ever be acceptable under *Royal Parke*. The fact is that the Town offered no specific evidence

in this case. Its affidavit stated that the listers believed in their original appraisal and that there were unspecified circumstances that made it clear that the sale price did not represent fair market value.[3] The Town's conclusory statements did not satisfy its burden to support its appraisal by demonstrating that its valuation method complied with the law or that there was independent evidence of valuation. See *Weyerhaeuser Co. v. Town of Hancock*, 151 Vt. 279, 284, 559 A.2d 158, 161 (1989).

Plaintiffs' burden in support of their summary judgment motion was to show "there is no genuine issue as to any material fact" and that they were entitled to judgment as a matter of law. See V.R.C.P. 56(c). Their motion and affidavits met this burden subject to the Town coming forward with some evidence that would enable the court to find that fair market value differed from the sales price. The Town's affidavit failed to show that such evidence existed. Accordingly, summary judgment was properly granted.

*Affirmed.*

---

[3] The only facts cited were that the premises had been for sale "for some time" and the owner had been "most anxious to sell." The length of time the property had been on the market tends to support the sales price as fair market value rather than calling the sales price into question.