David L. Hoefer and Patricia P. Hoefer v. Town of Brattleboro

[407 A.2d 183]

No. 183-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 17, 1979

*Kenneth V. Fisher, Jr.,* Brattleboro, for Plaintiffs.

*John S. Burgess,* Brattleboro, for Defendant.

**Per Curiam.** The listers of the Town of Brattleboro appraised the property of the plaintiffs for the year 1977 at $61,100.00. An appeal by the taxpayers to the Board of Civil Authority pursuant to 32 V.S.A. § 4404 resulted in an affirmance of that appraisal. The taxpayers then appealed to the Director of the Division of Property Valuation and Review, as authorized by 32 V.S.A. § 4461. The Board of Appraisers appointed by the Director under 32 V.S.A. § 4465 conducted a de novo hearing, issued findings, and reduced the appraised fair mar-

ket value to $54,900.00. The Town of Brattleboro appeals to this Court.

Our consideration of the merits of this appeal is foreclosed by insoluble difficulties with the Board of Appraisers' findings. We have repeatedly indicated that findings rendered in these proceedings should be a clear statement to the parties, and to this Court if appeal is taken, of what was decided and how the decision was reached. *Town of Walden* v. *Bucknam*, 135 Vt. 326, 327, 376 A.2d 761, 763 (1977) ; *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 503, 367 A.2d 1363, 1366-67 (1976). These findings are wholly deficient in both respects. The Board merely restated the evidence of the parties. This Court has held that the recitation of evidence in findings is not a finding of the facts contained in the evidence related and it cannot be so construed. *Schweizer* v. *Town of Pomfret*, 134 Vt. 436, 437, 365 A.2d 134, 135 (1976) ; *Krupp* v. *Krupp*, 126 Vt. 511, 514, 236 A.2d 653, 655 (1967). Such findings cannot stand, and this case must be remanded for the preparation of proper findings.

*Reversed and remanded.*