## In re George E. Kraatz, Jr.

[409 A.2d 576]

No. 173-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Wool & Murdoch*, Burlington, and *James L. Morse*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Petitioner.

*Mark J. Keller*, Chittenden County State's Attorney, and *Harold E. Eaton, Jr.*, Deputy State's Attorney, Burlington, for Respondent.

**Per Curiam.** Petitioner had been convicted of escape from lawful custody after a trial in Vermont District Court, Unit No. 2, Chittenden Circuit. He then filed a petition for post-conviction relief in the Chittenden Superior Court, 13 V.S.A. §§ 7131–7137, claiming that he had been denied a "speedy trial" as required by V.R.Cr.P. 48(b)(1) and Supreme Court Administrative Order No. 17 (now No. 5). He also claimed that he was denied effective assistance of counsel.

The superior court, after hearing, made findings of fact and conclusions of law and denied his application. It is from these findings and conclusions that petitioner appeals. We reverse and remand.

Our consideration of the merits of this appeal is foreclosed by the lack of findings by the superior court. We have repeatedly indicated that findings rendered should be a clear statement to the parties, and to this Court if appeal is taken, of what was decided and how the decision was reached. *Hoefer* v. *Town of Brattleboro,* 137 Vt. 434, 407 A.2d 183 (1979). See also *In re Fuller,* 135 Vt. 575, 381 A.2d 1056 (1977). More particularly, as was stated by then Chief Justice Holden in *In re Lamphere,* 127 Vt. 604, 605, 256 A.2d 29, 30 (1969):

> When a hearing is granted in postconviction proceedings the statute requires the county court "to determine the issues and make findings of fact and conclusions of law with respect thereto." 13 V.S.A. § 7133. The findings should be explicit on all material issues.

A statement that the court found "insufficient evidence adduced to sustain any of the defendant's complaints" without the inclusion of findings of those facts which would sustain such a statement is wholly deficient.

*Reversed and remanded.*