## Rutland Country Club, Inc. v. City of Rutland

[409 A.2d 591]

No. 217-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 6, 1979

*Smith & Harlow,* Rutland, for Plaintiff.

*Robert E. Broderick,* City Attorney, Rutland, for Defendant.

Barney, C.J. This is an appeal of a real estate tax appraisal. The plaintiff country club owns a 300 acre tract of land; 275 acres of it are within the City of Rutland, including the buildings and an eighteen hole golf course. After going through grievance procedures and appealing to the Board of Civil Authority, the taxpayer brought this de novo action in superior court under 32 V.S.A. § 4467.

The Board of Civil Authority had reduced the $264,000 valuation set at the grievance hearing to $227,000. The result of the de novo proceeding was that the appraisal value of the country club was set at $264,000. Findings and conclusions of law were filed after a full hearing. The plaintiff appealed the outcome here.

■ The function of the trial court in these 32 V.S.A. § 4467 proceedings is to determine whether or not the listed value of the plaintiff's property corresponded with the listed value of comparable properties. If not, it is for the trial court to determine the appropriate relief by setting the property in the list at a corresponding value. *International Paper Co.* v. *Town of Winhall,* 133 Vt. 385, 387, 340 A.2d 42, 44 (1975).

Although the evidence in this case with respect to corresponding value is not strong, it is not on that question that the outcome of this appeal turns. The trial court did find that the listed value of the plaintiff's property corresponded, in terms of the statute, with listed values of comparative properties within the City of Rutland. The evidence was controverted, but there was certain testimony supporting this finding, contrary to the position taken by the plaintiff on appeal.

The trial court also found that for the tax year involved, 1975, all of the property in the City of Rutland was appraised at two-thirds of its fair market value. This is also supported by testimony, and is apparently unchallenged.

In its findings the court took the position that both sides agreed that the fair market value of the property in question was $264,000. The court went on to say that the difficulty in the case consisted of trying to reconcile the way the parties were defining "fair market value."

That issue was never resolved by the trial court, either, and infects the final result. Aside from its finding that the parties agreed on the fair market value, the court specifically found that $264,000 represented the fair market value.

From all of this the plaintiff contends that it was error to set the property in the list using the $264,000 figure as appraised value. It argues that if that dollar amount is "fair market value" as the trial court found, the proper appraised value is but two-thirds of that, or $176,000, based on the valuation measure the court found used by the City of Rutland.

The trial court commented on and rejected this argument in its conclusions. From what those conclusions say it seems clear that the trial court felt that the plaintiff's property was appraised by Rutland subject to the two-thirds reduction found to be applied to all other Rutland property. Addition-

ally, the trial court stated that the listed value was aided by presumptive validity. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976).

Our evaluation of the trial court's intentions can be reached, unfortunately, only by conjecture, since the findings themselves, taken literally, are inconsistent. Conjecture is not evidence, and is not a basis for supporting a judgment otherwise reversible because based on inconsistent findings. *Hill* v. *Grandey,* 132 Vt. 460, 466, 321 A.2d 28, 32 (1974). For this reason the matter must be remanded for resolution of the inconsistency. *Howard* v. *Howard,* 122 Vt. 27, 34, 163 A.2d 861, 867 (1960). Since the issue to be resolved relates to the meaning and measure of fair market value as applied to the plaintiff's property, questions as to the admission or exclusion of evidence on that issue which have been raised by this appeal are likely to recur only in a different form and context, and no useful purpose would be served by ruling on them in the presence of an order of remand.

*Judgment reversed and cause remanded.*