**James and Cornelia Kachadorian v. Town of Woodstock**

[477 A.2d 965]

No. 82-287

Present: **Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.),**
Specially Assigned

Opinion Filed April 27, 1984

*Stephen A. Reynes,* Woodstock, for Plaintiffs-Appellants.

*D. William Sisco,* Woodstock, for Defendant-Appellee.

Gibson, J. This is a tax appeal from a decision of the State Board of Appraisers finding the market value of the Kachadorians' (Taxpayers') property to be $380,000 and its listed value, for tax purposes, to be $122,000. Taxpayers raise two claims. First, the Board's findings are challenged as insufficient, inconsistent, or both. Second, Taxpayers argue that the listed value should have been computed by using an equalization ratio derived from information concerning comparable properties rather than a ratio based upon the average equalization rate of all town properties. We find the Board's findings to be both insufficient and inconsistent and, therefore, reverse and remand.

Taxpayers own 91 acres of property in Woodstock, Vermont, including two houses and numerous outbuildings. The listed value of the property was increased to $121,990 in 1981 when construction on a second home was completed. Taxpayers appealed the appraisal of the Board of Listers (Listers) to the Board of Civil Authority. 32 V.S.A. § 4404. That Board affirmed the Listers' appraisal. Thereafter, Taxpayers appealed to the Director of the Division of Property Valuation and Review, 32 V.S.A. § 4467, who referred the appeal to the Board of Appraisers (Board). Id. §§ 4465, 4467. The Board issued a decision finding the Taxpayers' property should be listed at $122,000.

██ An appeal to the Board is a de novo proceeding, and the Board must determine whether the listed value of the property corresponds to the listed value of comparable properties within the town. 32 V.S.A. § 4467. This is essentially a two-step procedure. First, the fair market value of the property must be determined. *Bailey* v. *Town of Craftsbury,* 144 Vt. 260, 262, 475 A.2d 1390, 1391 (1984) (citing *Town of Walden* v. *Bucknam,* 135 Vt. 326, 328, 376 A.2d 761, 763 (1977)). Next, the fair market value must be "equalized" to insure that the property is listed comparably to corresponding properties in town. 32 V.S.A. §§ 4467, 4601. See *City of Barre* v. *Town of Orange,* 138 Vt. 484, 487, 417 A.2d 939, 941 (1980); *New England Power Co.* v. *Town of Barnet,* 134 Vt.

498, 509, 367 A.2d 1363, 1370 (1976). When comparable properties exist, their current market value must be compared with their current listed value to arrive at an equalization rate. This rate must then be applied to the subject property's fair market value to produce the proper listed value. *Village of Morrisville Water & Light Department* v. *Town of Hyde Park*, 134 Vt. 325, 330, 360 A.2d 882, 885 (1976) (constitutional principles contained within § 4467 can be complied with by establishing fair market value and assessing a listed valuation on the same percentage basis as that applied to comparable properties).

On occasion, properties do exist for which comparables cannot be found. In such case, we have held that "where unique property is the subject of litigation under § 4467 all property within the taxing municipality is comparable for purposes of determining the proper corresponding listed value." *New England Power Co.* v. *Town of Barnet, supra*, 134 Vt. at 510, 367 A.2d at 1371. In other words, a unique property will be listed at the common ratio for *all* properties that exist in the taxing jurisdiction rather than at the ratio prevailing for a particular group of comparable properties.

Taxpayers and the Town both introduced descriptions of real estate they considered to be "comparable" to Taxpayers' property. The Board, in its findings, described both parties' comparables and found Taxpayers' property "to be far superior in value" to Taxpayers' proffered comparables. It also found the Town's comparables to be "appraised equitably when compared to the appraisal of [Taxpayers'] property." The Board, however, never clearly adopted the Town's comparables or rejected Taxpayers' comparables. Nor did it declare the property to be unique—a third option.

Findings of fact must state clearly "what was decided and how the decision was reached." *New England Power Co.* v. *Town of Barnet, supra*, 134 Vt. at 503, 367 A.2d at 1366; *Hoefer* v. *Town of Brattleboro*, 137 Vt. 434, 435, 407 A.2d 183, 183 (1979). The Board found that the fair market value of Taxpayers' property was $380,000. No findings, however, were made as to the fair market value of the Town's comparables or as to the percentage of listed value to fair market

value shown by the Town's comparables. Indeed, no evidence of the fair market value of these comparables was ever offered into evidence at the hearing before the Board. Finally, the Board applied a ratio of 32% to the property's fair market value of $380,000. Thirty-two percent represented the "overall appraisal ratio [of all properties] in the Town."

It remains a mystery as to what use the Board made of the information regarding the Town's comparables. Only their listed values were discussed. The listed value of a comparable is not to be used in determining a subject property's fair market value, *City of Barre* v. *Town of Orange, supra,* 138 Vt. at 486, 417 A.2d at 941, and listed value alone, in the absence of fair market value, is useless in arriving at a ratio for equalization purposes.

We cannot determine from the findings whether 32% was the proper ratio to be applied in this case. If the Board accepted the Town's comparables, it failed to find their fair market value and resulting equalization rate. If the Board felt the property to be unique, thus justifying the application of the general Town ratio, *New England Power Co.* v. *Town of Barnet, supra,* 134 Vt. at 510, 367 A.2d at 1371, it failed to so find. As in *Rutland Country Club, Inc.* v. *City of Rutland,* 137 Vt. 590, 592, 409 A.2d 591, 592–93 (1979), these findings are insufficient and inconsistent and can be resolved only through conjecture. "Conjecture is not evidence, and is not a basis for supporting a judgment . . . ." *Id.* Such findings cannot stand. *Hoefer* v. *Town of Brattleboro, supra,* 137 Vt. at 435, 407 A.2d at 183.

*Reversed and remanded.*