# A. Francis Roy v. Town of Barnet

[522 A.2d 225]

No. 85-268

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 29, 1986

*Gensburg & Axelrod*, St. Johnsbury, for Plaintiff-Appellant.

*Reed & Balivet*, Danville, for Defendant-Appellee.

**Peck, J.** Plaintiff appeals from a decision of the State Board of Appraisers upholding an appraisal of plaintiff's real estate by the Barnet Board of Civil Authority at $508,000. We reverse.

In 1984, the Town of Barnet conducted a town-wide re-appraisal. Plaintiff's property, consisting of 164 acres and having frontage on Harvey's Lake in Barnet, was reappraised at $523,700. Pursuant to 32 V.S.A. § 4221, plaintiff appeared at the grievance hearing to appeal the appraisal. Afforded no relief, plaintiff appealed to the Barnet Board of Civil Authority. 32 V.S.A. § 4404. Review of plaintiff's complaint resulted in a reduction of the appraised value of the subject property to $508,000. Still unsatisfied with the result, plaintiff appealed to the director of the State Division of Property Valuation and Review. 32 V.S.A. § 4461. The State Board of Appraisers, appointed by the director, conducted a de novo hearing on May 17, 1985, and upheld the $508,000 appraisal.

Plaintiff's appeal to this Court rests substantially on the claim that the Board's findings were inadequate. The Board of Appraisers has a duty to sift the evidence and make clear statements, so

that the parties and this Court will be able to determine not only what was decided, but of equal importance, how that decision was reached. *Shetland Properties, Inc.* v. *Town of Poultney,* 145 Vt. 189, 192, 484 A.2d 929, 931 (1984). Findings which merely recite the contentions and testimony of the parties and their witnesses will not support a judgment. *Id.* at 192-93, 484 A.2d at 932. Here the conclusions of the Board are not supported by sufficient findings of fact; this constitutes reversible error. *Corrette* v. *Town of St. Johnsbury,* 140 Vt. 315, 317, 437 A.2d 1112, 1114 (1981).

Plaintiff appeared pro se before the Board; he contested only the valuation of 14 of the 164 acres and presented evidence of three comparables. However, the only purported finding addressing the comparables (No. 4) cannot be deemed a proper finding since the paragraph only reiterates plaintiff's and defendant's contentions with respect to two of the comparables. The third is not discussed at all in the findings. Moreover, we cannot discern from the findings whether the Board considered any of the three properties presented by the plaintiff to be comparable to the subject property. Although we may be able to determine what was decided, we are unable to conclude how the Board arrived at its decision. Findings that can be resolved only through conjecture cannot stand. *Kachadorian* v. *Town of Woodstock,* 144 Vt. 348, 352, 477 A.2d 965, 968 (1984).

*Reversed and remanded.*