## Robert Gouin v. Town of Halifax
## Ronald Gouin v. Town of Halifax

[535 A.2d 788]

Nos. 85-439 & 85-440

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,\* JJ.**

Opinion Filed October 16, 1987

*Timothy J. O'Connor, Jr.*, Brattleboro, for Plaintiffs-Appellees.

---

\* Justice Hayes was present at oral argument, but did not participate in the decision.

*Kristensen, Cummings, Murtha & Stewart, P.C.*, Brattleboro, for Defendant-Appellant.

**Peck, J.** The Town of Halifax (Town) appeals from two adverse decisions rendered by the Vermont State Board of Appraisers (Board) in real estate tax assessment appeals brought by two resident taxpayers. The subject matter of these two consolidated appeals was brought before this Court by the Town previously, and this Court reversed and remanded each case, by an unpublished entry order, for want of adequate findings. Upon remand and after rehearing, the Board again entered decisions in each case in favor of the appellee landowners. The Town has again appealed, claiming that the Board committed reversible error by failing to make specific findings regarding comparable properties. Once more we are compelled to reverse and remand, since the findings are still insufficient to support the Board's conclusions.

While the findings are lengthier than the set we viewed on the first appeal, they still give the Court no hint of how the final listed values on taxpayers' one- and two-story wood frame houses were determined. First, there was no evidence of comparable values for either. Taxpayers agree, but argue that "since comparables were not the basis of the decisions the findings are not deficient." However, under 32 V.S.A. § 4467 the Board must determine whether the listed value of the property corresponds to the listed value of comparable properties within the town. *Kachadorian* v. *Town of Woodstock*, 144 Vt. 348, 350, 477 A.2d 965, 967 (1984).

An appeal of property valuation to the Board is a de novo proceeding, and the Board must first determine the fair market value of the property, then "equalize" that amount to insure that the property is listed comparably to corresponding properties in town. *Id.* Since the State Board of Appraisers failed to include specific findings regarding comparable properties, the findings of fact issued by the Board in each of the two appeals were insufficient to support its conclusions.

Furthermore, the decision below also fails to adequately specify the evidence it considered in support of its conclusions. In place of a rationale, following a recitation of the evidence, the Board made its central conclusions with respect to the one-story house:

5 - This Board finds the appellant did submit sufficient evidence and testimony to overcome the presumption of accuracy as applied to the Halifax 1983 Grand List value of the subject property.

6 - This Board, based on an inspection of the subject property and evidence presented at this hearing, finds the Fair Market Value of the subject property to be $8510.

Identical findings, save for a higher valuation, were stated for the two-story house.

As this Court has previously stated:

In making findings of fact the Board has a duty to sift the evidence and make a clear statement so that the parties and this Court will know what was decided and how the decision was reached.

*Corrette* v. *Town of St. Johnsbury*, 140 Vt. 315, 316, 437 A.2d 1112, 1113 (1981). The parties may well have presented sound evidence to the Board, and we have no reason to doubt that the Board considered the evidence thoroughly. But a fair and workable system of judicial review depends in large part on the quality of the record before us. Without at least a summary of the rationale of the Board, we are unable to perform our function.

*Reversed and remanded.*