## Raymond and Louise Saufroy v. Town of Danville

[538 A.2d 168]

No. 86-115

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed December 4, 1987

*Deborah T. Bucknam*, St. Johnsbury, for Plaintiffs-Appellees.

*Gensburg & Axelrod*, St. Johnsbury, for Defendant-Appellant.

**Dooley, J.** The Town of Danville appeals from a decision of the Vermont State Board of Property Tax Appraisers reducing the listed value of the home of the taxpayers, Raymond and Louise Saufroy, for property tax purposes. The dispute arises out of a general reappraisal of property in the town. The listers set the value of the house and surrounding land, along with an outbuilding the value of which is undisputed, at $136,500, and this decision was affirmed by the Board of Civil Authority of the town.

The taxpayers appealed to the Director of the Division of Property Valuation and Review, who empaneled a Board of Appraisers to hear the appeal pursuant to 32 V.S.A. § 4465. After taking evidence from the taxpayers and from representatives of the town and viewing the property involved, the Board found that the fair market value of the property was $105,000 and because the equalization ratio was 100%, it should be listed at that value. The town argues that the findings of the Board are inadequate to support its conclusion. We agree and reverse.

Our standard for findings of the Board of Appraisers is set out in a long line of cases culminating most recently in *Roy* v. *Town of Barnet*, 147 Vt. 551, 522 A.2d 225 (1986). There we said:

> The Board of Appraisers has a duty to sift the evidence and make clear statements, so that the parties and this Court will be able to determine not only what was decided, but of equal importance, how that decision was reached. Findings which merely recite the contentions and testimony of the parties and their witnesses will not support a judgment. Here the conclusions of the Board are not supported by sufficient findings of fact; this constitutes reversible error.

*Id.* at 551-52, 522 A.2d at 226 (citations omitted). See *Shetland Properties, Inc.* v. *Town of Poultney*, 145 Vt. 189, 192, 484 A.2d 929, 931-32 (1984), and cases cited therein.

In this case as in *Roy* the Board set forth conclusions that tell us what was decided. The Board disagreed with the town's determination of the fair market value of taxpayers' property and substituted it's own determination—a value $21,500 less than that set by the town. The Board was within the power granted it by 32 V.S.A. § 4467 to make this determination. The issue raised by the town is whether the Board supported its decision so we can determine "how that decision was reached."

The taxpayers appeared pro se before the Board and gave a long, rambling statement that offered numerous properties within the town as comparable, arguing in each case that it was unfair to allow the town's listed value when the specific property being compared was valued as it was. They concluded by offering the opinion that their house and land were worth approximately $26,000 less than they had been valued by the town.

The town offered written summary of the methodology used in valuing the taxpayers' property and urged the Board to consider two properties within the town as comparables to the taxpayers' house and three properties as comparables for the taxpayers' land.

The Board accepted one property offered by the town as comparable and stated that it "defines the general range of the fair market value of the Saufroys' property." It proceeded to set the fair market value of the taxpayers' property equal to the recent selling price of the property it found comparable without further analysis. Beyond a recognition in the findings that there were

very significant differences between taxpayers' property and the comparable property, the Board offers no explanation how these differences cancel out so that the fair market values are identical. We are left to speculate on how the Board reached its conclusion on fair market value. We will not speculate and, thus, the findings are inadequate and we must reverse and remand. See *Kachadorian* v. *Town of Woodstock*, 144 Vt. 348, 352, 477 A.2d 965, 967-68 (1984).

*Reversed and remanded.*