### Robert Spencer and Josephine Spencer v. Town of Danville

[538 A.2d 169]

No. 86-116

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed December 4, 1987

*Reid & Balivet*, Danville, for Plaintiffs-Appellees.

*Gensburg & Axelrod*, St. Johnsbury, for Defendant-Appellant.

**Dooley, J.** This is a companion case to *Saufroy* v. *Town of Danville*, 148 Vt. 624, 538 A.2d 168, also decided today, raising essentially the same issues. As in *Saufroy*, the town appeals from a decision of the Board of Appraisers lowering the fair market value of the taxpayers' residence as determined by the listers of the town. The decision lowered the fair market value of the house

and surrounding land from $145,400 to $120,000. As in *Saufroy*, the town argues that the findings of the Board are inadequate to support this action.

There are two major differences between this case and *Saufroy*. In this case, the comparable used by the Board to determine fair market value was supplied by the taxpayers. Here, the taxpayers relied upon the opinion of an expert that they retained to appraise the property.

But these differences are overwhelmed by the similarities. There is no indication that the Board relied on the expert opinion. Neither the expert nor his methods are mentioned in the findings, and the fair market value found by the Board is close to but different from that found by the expert.

As in *Saufroy*, the Board relied on one comparable and stated that its sale price "defines the general range of the fair market value of the Spencer property." Despite the fact that it found a difference of $36,500 between the value of the taxpayers' property and that of the comparable, the Board made no findings on how differences in the two properties determine differences in value found by the Board. This was particularly significant since the town argued that it was impossible to compare the property selected by the Board with the taxpayers' house because the comparable was a cape design and the taxpayers' house was a unique, architect designed structure.

Since we can not determine how the Board reached its conclusion on the fair market value of the taxpayers' property, and will not speculate on a reason, we must reverse and remand for new findings. See *Kachadorian* v. *Town of Woodstock*, 144 Vt. 348, 352, 477 A.2d 965, 967-68 (1984).

*Reversed and remanded.*