### John B. and Gertrude Harte v. Town of Bennington

[571 A.2d 53]

No. 87-513

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed December 8, 1989

*Robert E. Cummings, Jr.*, Bennington, for Plaintiffs-Appellees.

*John P. Morrissey*, Bennington, for Defendant-Appellant.

**Peck, J.** The Town of Bennington appeals from a judgment of the superior court reducing the assessment of real estate owned by John Harte and the late Gertrude Harte. We affirm.

In 1985, the Bennington Board of Listers assessed the Harte property at $132,000. A subsequent petition to the board of civil authority reduced the assessment to $127,400; the superior court, on appeal, arrived at a figure of $85,000.

The Town asserts that the trial court's findings were inconsistent with its conclusion that the highest and best use of the land was mixed residential-commercial. The Town also attacks the court's selection of the comparable property used to determine fair market value, and contends that, in general, the trial court's findings are so confusing and contradictory that its decisional basis is obscure.

■■ The testimony and evidence supply no basis for reversal. 32 V.S.A. § 4467 provides for de novo determination of the

property's value in the superior court. Once the fair market value is determined, that value is equalized to conform with corresponding properties in the area. *Kachadorian v. Town of Woodstock*, 144 Vt. 348, 350, 477 A.2d 965, 967 (1984). The court heard testimony, including expert testimony, from both sides about the character of the neighborhood and the valuation of similar property. The persuasiveness of such testimony is for the court to determine. See *Adams v. Town of West Haven*, 147 Vt. 618, 621, 523 A.2d 1244, 1246 (1987).

█ In its opinion, the court acknowledged that the neighborhood was in flux, with commercial development increasing in a formerly residential area. The court noted both the taxpayers' assertion that the neighborhood still retained its residential quality and the Town's claim that the highest and best use was commercial. The court concluded that commercial uses had not yet supplanted residential uses, and therefore, the locality was mixed. Discussion of the parties' arguments in the court's decision highlights the litigants' differences, but read in its entirety, the opinion is consistent. The resolution of conflicting evidence is left to the discretion of the trial court. The Town cites *Rutland Country Club, Inc. v. City of Rutland*, 137 Vt. 590, 409 A.2d 591 (1979), to support its claim that the lower court's findings are unclear. At issue in *Rutland* was the definition of "fair market value" as applied to certain property, and the court's holding was directly at odds with its findings. Here, the judge's conclusions can reasonably be drawn from the evidence presented.

█ The court must determine whether the fair market value of the real estate corresponds to the fair market value of comparable properties within the town. 32 V.S.A. § 4467. Unless the properties are so different that comparison is illogical, we will uphold the court's findings. *Monti v. Town of Northfield*, 135 Vt. 97, 99–100, 369 A.2d 1373, 1376 (1977). "[W]hich property the . . . Court considers in reaching its decision is an evidentiary question which rests solely within the trier's discretion." *Sondergeld v. Town of Hubbardton*, 150 Vt. 565,

572, 556 A.2d 64, 68 (1988). Here, the court found that the three comparables presented by the property owners were more like the Harte real estate than the comparables submitted by the Town. Based on the testimony and the evidence, the findings were well within the court's discretion. Findings of fact will not be set aside on appeal unless clearly erroneous. V.R.C.P. 52(a). Where, as here, there is reasonable, credible evidence to support them, the findings must stand. *Collins v. Boudreau*, 141 Vt. 129, 131, 446 A.2d 341, 342 (1982).

*Affirmed.*