# Fred and Kathleen Couse v. Town of Leicester

[593 A.2d 473]

No. 90-013

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed May 31, 1991

*Fred A. Couse*, pro se, Clinton Corners, New York, Plaintiff-Appellant.

**Gibson, J.** Taxpayers appeal from a determination of the State Board of Tax Appeals setting their property in the Town of Leicester grand list at $112,000. We reverse and remand.

Taxpayers' sole issue on appeal is the Board's failure to apply the correct equalization ratio to the fair market value of their seasonal residence on Lake Dunmore. As we have pointed out, a property's listed value should be determined from an equalization ratio calculated as the sum of the listed values of the comparable properties, divided by the sum of the fair market values of these properties. *Alexander v. Town of Barton*, 152 Vt. 148, 155–56, 565 A.2d 1294, 1298 (1989).

Taxpayers argue that the Board determined its equalization ratio on too limited a sample of comparables, using the same three properties it considered for initial valuation and ignoring eleven properties proposed as comparables by the Town before the Board of Civil Authority and by the taxpayers before the State Board.

In calculating an equalization ratio, the set of comparables used for initial valuation will generally suffice to meet the constitutional mandate of fairness embedded in 32 V.S.A. § 4467. See *Kachadorian v. Town of Woodstock*, 144 Vt. 348, 351, 477 A.2d 965, 967 (1984). But where additional evidence of comparables is presented, and the additional properties are generally comparable to the subject property—even though they may not have been appropriate as comparables for determining initial valuation and therefore were not selected for that purpose by the Board—the Board cannot arbitrarily exclude the additional comparables when computing an equalization ratio.

In this case, the taxpayers and the Town differed about whether particular comparables were suitable in computing fair market value. But apparently they do not dispute that the eleven additional properties were sufficiently similar in location, function, and general description to be included as comparables in determining an equalization ratio. See *Bowen v. Town of Burke*, 153 Vt. 131, 134, 569 A.2d 452, 453 (1989) (Dooley, J., concurring) (suggesting that a proper comparison would be with an average of properties within the same class as the property involved in the appeal). If these properties were comparable for equalization purposes, they should have been included in the Board's computation.

Unfortunately, the record in this case is inadequate to allow us to conclude with certainty whether the eleven proffered properties are comparables or whether the Board had valid reasons for rejecting them as comparables. We must therefore remand the matter for further proceedings. If the Board on remand determines that any of the eleven properties are generally similar in location, class or function, and general description—that is, if there is a broad similarity, even if not a sufficient similarity for inclusion in the narrower array of cases

to be considered for initial valuation—then the Board should include them in computing the equalization ratio. In this manner, the command of § 4467 to determine that the "listed value of the property subject to appeal . . . correspond to the listed value of *comparable* properties within the town" (emphasis added) may be fulfilled with the largest and fairest possible sampling of comparable properties.

*Reversed and remanded for further consideration in light of this opinion.*