*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-146

JANUARY TERM, 2011

| | | |
|---|---|---|
| Judith Pizzagalli | } | APPEALED FROM: |
| | } | |
| v. | } | Property Valuation and Review |
| | } | Division |
| | } | |
| Town of Shelburne | } | DOCKET NO. PVR 2008-148 |

In the above-entitled cause, the Clerk will enter:

The Town of Shelburne appeals from the state appraiser's assessment of property owned by taxpayer Judith Pizzagalli. We affirm.

The property at issue consists of two lots totaling 20.7 acres with 1275 feet of frontage on Lake Champlain. There are two single-family dwellings on the property, one that contains 5213 square feet of gross living area (GLA) and the other that contains 1228 square feet of GLA. There is also a 1472 square foot detached barn. The property is well landscaped, and it includes a tennis court and private rocky beach. In 2007-2008, the Town conducted a town-wide reappraisal, and its asssessor set the fair market value (FMV) of the subject property at $5,824,100 as of April 1, 2008. Taxpayer appealed to the Board of Civil Authority, which reduced the FMV to $5,414,775. Taxpayer then appealed to the state appraiser, which set the FMV at $4,638,200.

In reaching his conclusion, the appraiser made the following findings. Both parties offered the sales of comparable properties to support their respective positions as to FMV. Both cited the same sale of a nearby property, the Harbor Road property, which sold for $3,889,000 in September 2007. The appraiser found that, overall, this property was inferior to the subject property. Among other things, it had less GLA, lake frontage, and acreage. Based on these and other differences, the Town adjusted the sales price for this property to $6,197,500. Taxpayer adjusted the sales price to $5,040,400. "Using the most convincing evidence of record when comparing the sale with the [subject property]," the appraiser found the adjusted sales price of the Harbor Road property to be $6,133,800. The appraiser engaged in a similar analysis with the other proffered comparables.

In doing so, he rejected several of the comparables identified by the Town. One of these was a property located approximately four miles from the subject property, the Beach Road property, which sold for $2,338,500 in May 2008. The appraiser found that this property had less GLA, lake frontage, and acreage than the subject property, and overall, it was inferior to the subject property. He found the adjusted sales price to be $5,017,200, which resulted in a net adjustment that was greater than the sales price, and net and gross adjustment ratios that were

well over 100%. The appraiser stated that ratios above 100% showed a complete lack of comparability, and thus, he did not consider this sale in reaching his conclusion.

The appraiser found that four of the proffered comparable sale properties provided the most reliable estimate of FMV for the subject property. The estimates of FMV for these four sales ranged from $4,388,400 to $6,133,800, with a median value of $4,638,200. The appraiser found that the median value was the best estimate of FMV for the subject property on April 1, 2008, and he thus adopted this value for purposes of the Town's grand list. This appeal by the Town followed.

The Town first argues that the appraiser failed to provide sufficient findings of fact to substantiate his determinations of the value of the comparable properties. It complains that the appraiser did not explain which specific factors he adjusted for each property; the amount of adjustment for each factor; or the basis for the adjustment. The Town cites Saufroy v. Town of Danville, 148 Vt. 624 (1987), as support for its argument. The Town also argues that the appraiser erred by failing to use one of the comparable properties it proffered. It maintains that the appraiser acted arbitrarily in excluding this property based on the fact that the adjustments exceeded the sales price. It points to another case decided by the appraiser, Lisman v. Town of Shelburne, No. 2010-251 (Vt. Dec. 8, 2010) (unpub. mem.), where the appraiser used a comparable property that had a net adjustment ratio of 102.5%. Finally, the Town asserts that the appraiser failed to provide sufficient findings of fact to justify using the median value of the comparable properties to arrive at the subject property's FMV.

On review, we defer to the appraiser's decision. Garilli v. Town of Waitsfield, 2008 VT 91, ¶ 9, 184 Vt. 594. "Where the record contains some basis in evidence for the state appraiser's valuation, the appellant bears the burden of demonstrating that the exercise of discretion was clearly erroneous." State Hous. Auth. v. Town of Northfield, 2007 VT 63, ¶ 5, 182 Vt. 90 (quotation omitted).

The arguments raised by the Town are essentially the same as those that we considered and rejected in Lisman, No. 2010-251, slip op. at 1-2. As in that case, the appraiser here provided sufficient grounds for his decision, and we are not "left to speculate on how the Board reached its conclusion on fair market value." Saufroy, 148 Vt. at 626. This case is unlike Saufroy where the board of appraisers set the fair market value of a parcel of property at a value identical to that of the taxpayers' lone comparable, despite finding "very significant differences between [the] taxpayers' property and the comparable property." Id. at 625-26. The board in Saufroy offered no "explanation how these differences cancel out so that the fair market values are identical." Id. at 626. Here, by contrast, the appraiser specifically indicated how each of the proposed comparables differed from the subject property, and he then determined a value for the comparables based on the stated differences. We found this approach sufficient in Lisman to show how the appraiser reached his conclusion and to allow for review by this Court. Id. at 2. We reach a similar conclusion here.

We similarly find no abuse of discretion in the appraiser's rejection of one of the Town's comparables, the Beach Road property. See Sondergeld v. Town of Hubbardton, 150 Vt. 565, 572 (1988) (stating that decision to use certain property as comparable sale "is an evidentiary question which rests solely within the trier's discretion"). The appraiser found that: this property

2

had less GLA, lake frontage, and acreage than the subject property; did not have a guest house or detached barn; had inferior construction quality; and overall was inferior to the subject property. The Town adjusted the actual sales price of this property—$2,338,500—to $5,327,500. The appraiser found that the adjusted price should be $5,017,200, which resulted in net and gross adjustment ratios of over 100%. Although, as the Town points out, the Harbor Road sale similarly had less GLA, lake frontage, and acreage than the subject property, its net adjustment ratio did not exceed 100%. It was within the appraiser's discretion to conclude that when the value of the adjustments to a property exceeds the sales price of that property, it is not a useful comparable. The fact that the appraiser, in a different case, considered a comparable with adjustments of 102.5% of the sales price does not demonstrate that the appraiser abused his discretion here. See Lisman, No. 2010-251, slip op. at 2 (reaching similar conclusion).

Finally, the Town argues that the appraiser abused his discretion by using the median value of the comparables without explaining why he chose this approach over any other method. As we stated in Lisman, "[t]here is no requirement that the state appraiser take the average rather than the median of comparable properties—or either one for that matter." Id. The value of the comparables here ranged from $4,388,400 to $6,133,800. Given this wide range, and "the fact that the median represents the midpoint among values," id. at 3, the appraiser acted within his discretion in relying on this means of valuation. His approach was reasonable, and he was not obligated to justify his decision to apply this method. Contrary to the Town's assertion, we are not left to speculate how the appraiser reached his conclusion as to FMV, and we find no error in the appraiser's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

3