*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-203

JANUARY TERM, 2014

| | | |
|---|---|---|
| In re Bradford Trucking, Inc. | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| | } | |
| | } | |
| | } | DOCKET NO. C-07-12-194-01 |

In the above-entitled cause, the Clerk will enter:

Employer Bradford's Trucking, Inc., appeals pro se from the Employment Security Board's decision upholding the Department of Labor's Assessment of Unemployment Contributions.[*]  We reverse and remand.

The record indicates the following.  In June 2012, following an audit, the Department of Labor (DOL) issued the assessment referenced above.  The DOL determined that the services performed by certain individuals for employer did not meet the requirements for self-employment and, therefore, payments to those individuals were wages subject to unemployment compensation taxes.  See 21 V.S.A. § 1301(6)(B) (setting forth relevant legal standard).

Employer requested a hearing before an administrative law judge (ALJ).  The hearing was apparently continued several times.  Notice was provided that the hearing would be held on "Tuesday February 24, 2013."  In fact, the hearing was held on Tuesday, February 26.  Employer did not call in to participate on this date.  The DOL auditor was present and testified.  The DOL also submitted various exhibits, including employer's notice of appeal.

The ALJ sustained the DOL's assessment in a February 2013 order.  He recounted that the employer had been provided notice of the hearing and that he had tried to contact the employer at three different telephone numbers to no avail.  The ALJ stated that he had reviewed the extensive exhibits in this case as well as the sworn testimony of the DOL's representative.  He stated that he found more than sufficient information available to conclude that the individuals identified in the auditor's report were employees of the company and not independent contractors.  He made no findings of fact to support this conclusion.

Employer appealed this decision to the Employment Security Board.  Following a hearing, the Board upheld the ALJ's decision.  It indicated that it adopted the ALJ's findings and conclusions as its own.  The Board stated that all of the individuals identified in the audit performed services that were clearly in the usual course of employer's business and none had demonstrated that they were sufficiently established in an independent trade or profession as

---

[*]  Eileen Bradford, the Secretary and Treasurer of Bradford's Trucking, Inc., requested permission to represent the company pro se.  The Court found that Ms. Bradford satisfied the requirements of 11A V.S.A. § 3.02(1)(A)-(C), and her request was granted.

required by law.  Accordingly, the Board agreed that all of the individuals identified in the audit were employees for the purposes of Vermont's unemployment compensation law.  This appeal followed.

We cannot review Ms. Bradford's claims of error because the ALJ and Board made no findings of fact to support their conclusions.  The decisions contain only legal conclusions. Findings of fact are required by rule and by statute.  See 21 V.S.A. §§ 1331, 1332 (indicating that petitioner should be promptly notified of ALJ and Board's findings of fact, conclusions, and decision); see also Rules of the Employment Security Board, Rules 13(L), 14(F), 22 (effective August 16, 2011) (explaining that ALJ must "set forth the findings of fact with respect to the appeal, the reasons for the decision, and the decision" and that Board similarly must set forth findings of fact, its conclusions thereon, its ruling of law, and its decision.), available at http://www.labor.vermont.gov/Portals/0/UI/final%20adopted%20rule%20-%20clean%20copy.pdf.  Absent such findings, we have no way to discern the basis for the ALJ and Board's decisions.  See, e.g., Saufroy v. Town of Danville, 148 Vt. 624, 626 (1987) (explaining that where findings of fact are inadequate, Court will not speculate as to how factfinder reached its decision).  Given the absence of an adequate decision, and in light of the apparently faulty hearing notice provided to employer, we reverse and remand for a new hearing before the ALJ.

Reversed and remanded.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2