Palmer v. Tappan, No. S0219-12 CnC (Tomasi, J., Apr. 17, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No. S0219-12 CnC |

|  |  |
|---|---|
| Warren Palmer, | ) |
|  | ) |
| Defendant/Appellant, | ) |
| v. | ) |
|  | ) |
| Joshua Tappan, | ) |
|  | ) |
| Plaintiff/Appellee. | ) |

## RULING ON APPEAL

In August 2011, Plaintiff Joshua Tappan sued defendant "Warren Palmer dba Saxon Oaks Corp" in Small Claims Court alleging problems with the foundation for a porch that Mr. Palmer built for Mr. Tappan, and seeking $5,000 in damages. Mr. Palmer filed an answer disputing the claim and requesting a hearing. Two days before the scheduled February 3, 2012 hearing date, Mr. Palmer filed a motion to reschedule, citing a work-related conflict. The court denied the motion as too late to request a continuance. Only Mr. Tappan appeared at the hearing, and the Small Claims Court entered judgment for Mr. Tappan and against Mr. Palmer, without taking evidence, based on Mr. Palmer's failure to appear. On February 27, 2012, Mr. Palmer filed a notice of appeal alleging that Mr. Tappan should have sued Saxon Oakes Co. rather than Mr. Palmer individually.

Mr. Palmer is essentially seeking to reopen a default judgment against him. That motion is properly addressed to the Small Claims Court, pursuant to V.R.S.C.P. 3(g). *See Moore v. Beecher*, 145 Vt. 659, 659 (1984) (mem.) (motions under V.R.C.P. 55(c) to set aside a default judgment—the analogue of V.R.S.C.P. 3(g)—"are properly addressed only to the trial court"); Reporter's Notes—1992 Amendment, V.R.C.P. 55 (noting that "any defendant under [V.R.C.P. 55(c)] would be required" to seek relief from the trial court before filing an appeal).

Accordingly, the Court dismisses this appeal, remands this matter to Small Claims Court, and directs that it consider the Defendant's notice of appeal as a timely motion to reopen the default judgment. It will be up to the Small Claims Court in the first instance to decide whether or not Defendant has set forth a sufficient justification to reopen the default. This Court expresses no view on that matter.

**So ordered.**

Dated at Burlington, Vermont this ____day of April, 2012.


-----------------------------
Timothy B. Tomasi
Superior Court Judge